JAMES McEWEN v. WILLIAM C. BIGELOW.

*Set-off of judgment—Expert evidence.*

B had a contract with M, but sued him on the common counts before a justice to recover back an overpayment. He did not put the contract in issue, though he gave M credits under it. M filed no set-off, but immediately sued B before another justice for the whole amount of his bill. *Held* that the judgment in the first suit did not bar the second.

A plaintiff cannot fix the amount of a contested bill by giving credit for what he claims it should be.

A defendant can withhold his claim of set-off to be litigated in another suit.

A judgment recovered before one justice can be ascertained and applied by another in satisfaction of a counter claim recovered before him by the other party.

Expert evidence can be rejected where the witness has no personal knowledge of the matter in controversy, and for many years has had no experience of his subject, which has changed meanwhile.

Error to Wayne. Submitted Jan. 10. Decided Jan. 20.

ASSUMPSIT. The facts are in the opinion.

*J. W. Donovan* for plaintiff in error.

*Geo. W. Radford* for defendant in error.

COOLEY, J. The parties to this suit appear to have had a controversy over a plumber's bill, which has resulted in two suits, one of which is now before us.

The following facts may be taken as conceded by the parties. McEwen had made a contract for doing certain work at the price of $144. He had also sold Bigelow gas fixtures at the price of sixty dollars. It is not disputed that McEwen performed his contract, but he claimed to have done considerable extra work and furnished extra materials for which he demanded payment. Bigelow disputed this bill for extras. He had, however, paid McEwen $253.32, which was $49.32 more than he admitted to be owing him. Apparently to recover this

balance he brought suit against McEwen before Justice Comstock.  Within an hour after the commencement of this suit, McEwen sued Bigelow for the amount of his bill before Justice Toll.

The Comstock suit proceeded to judgment first.  Bigelow declared on the common counts only, and it does not appear that his special contract with McEwen was in any way in issue in that suit.  He showed that he had paid McEwen $253.32 and then gave him credit for $144 by plumbing and gas fitting, per agreement, $60 for gas fixtures, and claimed and took judgment for a balance of $49.32.

McEwen claimed no set-off in the Comstock suit, but he proceeded to a trial of the suit before Justice Toll. In that suit he proved his bill, including the extras, and allowed Bigelow a credit for his payments.  Bigelow claimed that the suit and judgment before Justice Comstock was a bar to the suit before Justice Toll, but his claim was not allowed, and McEwen had judgment for the full amount of his claim, less the payments made by Bigelow, deducting from the latter the sum of $49.32 which Bigelow had recovered in the suit before Justice Comstock.  The circuit court reversed this judgment.

I.  There was no error in holding that the first suit and the judgment rendered by Justice Comstock was not a bar to the suit brought before Justice Toll.  The Comstock suit did not necessarily involve the same subject matter at all.  The suit was for money paid; and the only way McEwen's bill was brought into it was by the action of Bigelow in giving credit for a portion of it. Now McEwen had a right to use his bill by way of defense in that suit, or to withhold it at his option, and he chose to have it examined and tried in a separate suit.  Under such circumstances, if Bigelow gave credit for what he claimed was the amount of McEwen's bill, he did so at his peril; he could not in any such manner fix the amount of a contested bill.  Had he declared

upon a special contract with McEwen, so as distinctly to put in issue the contract and what was covered by it, the question would be different; here he sued, as already stated, only for money paid generally.

II. It is said that by deducting from Bigelow's payments the sum for which Comstock had rendered judgment, Justice Toll indirectly reviewed and set aside that judgment. This is a mistake. Justice Toll merely ascertained, by evidence of the proceedings before Justice Comstock, that of the payments made by Bigelow to McEwen, $49.32 had not been applied in satisfaction of McEwen's bill; and this was very just and very proper.

III. In the suit before Justice Toll, Bigelow offered the evidence of one Hills as that of an expert in plumber's work, and the justice rejected it. The reason given for rejecting it was that though Hills appeared to have been a plumber many years ago, he had not been such for twenty years. This was a long time to be out of a business that must have changed so greatly in that time, and we cannot say that the ruling was clearly erroneous. The court must exercise a judicial discretion regarding the reception of evidence purporting to be that of experts; and presumptively there must in a business like this be much better expert evidence than that of a person so long out of the business. The court is not obliged to receive the evidence of every person called who may appear to have some little knowledge of the business, but who has no personal knowledge of the matters in controversy. He must decide within the limits of a fair discretion whether the experience of the supposed expert had been such as to make his opinions of any value.

Some other supposed errors in the proceedings before Justice Toll are pointed out, but we do not think they are well assigned, or that they require special attention.

The judgment of the circuit court should be reversed, and that of the justice affirmed, with costs of both courts.

The other Justices concurred.