WILLIAM EDWARDS ET AL. v. EDWARD D. NELSON AND FREDERICK BRAASTAD.

| 51 | 121 |
|---|---|
| 57 | 105 |
| 5( | 121 |
| 68 | 100 |
| 51 | 121 |
| 88 | 364 |
| 51 | 121 |
| f121 | 572 |

*Findings—Weight of testimony—New promise to pay after discharge in bankruptcy.*

The credibility of testimony and its sufficiency to support a finding are to be determined by the trial judge when he sits without a jury.

The moral obligation to pay a debt is a sufficient consideration for a new promise to pay it, even though any legal liability therefor has been suspended by discharge in bankruptcy.

A finding may be construed in connection with the pleadings, if these contain sufficient data to support it.

Error to Marquette. (Grant, J.)    June 13.—June 20.

Assumpsit.   Defendant brings error.   Affirmed.

*Ball & Hanscom* for appellant.

*M. H. Maynard* for appellee.

Sherwood, J.   Plaintiffs, merchants doing business in Cleveland, Ohio, brought this suit against the defendants, who formerly did business at Ishpeming under the firm name of Nelson, Braastad & Co., in assumpsit, declaring upon the common counts, and gave notice under same that they would offer in evidence on the trial, a note, of which the following is a copy :

"$200.          Ishpeming, Mich., July 3, 1878.
Seven months after date we promise to pay to the order of Edwards, Townsend & Co., two hundred dollars, at Bank of Ishpeming, Mich.   Value received.

Nelson, Braastad & Co."

Defendant Braastad appeared and pleaded the general issue, accompanying the same with a denial of the execution of the note by him, under oath, and also gave notice under his plea that on the 1st day of May, 1878, the defendants were adjudicated bankrupts under the laws of the United States; that the indebtedness for which this suit was brought existed prior thereto; that on the 2nd day of May, 1878, in pursuance of the bankrupt law, defendants proposed a composition at 50 cents on a dollar with all the creditors, and the composition was accepted by the bankruptcy court; that on the 16th day of July, 1878, plaintiffs received 50 cents on the dollar of their demand against the defendants, in full satisfaction thereof, by force and effect of the bankruptcy law; that the note in this suit was made without his (Braastad's) consent, knowledge or authority, and upon no other consideration than the indebtedness of defendants discharged by the bankruptcy proceedings.

Trial was had before the court without a jury, and the plaintiff had judgment for $284.04, upon the facts and law as found by the court.   The defendants alone were sworn upon the trial, and the case is now before us for

review upon the findings of the court, and upon a bill of exceptions containing all the evidence given in the case.

The court finds, among other things, that the defendant firm made the note in question for goods purchased of the plaintiffs at Cleveland, Ohio, about the 13th of April, 1878; that the purchase at that time amounted to $412.40; that ten days thereafter defendants filed their petition to be adjudicated bankrupts, and were so adjudicated on the first day of May following; that the goods reached the depot about the time the petition was filed, and that, after a few had been removed by defendants, it was agreed between them and the plaintiffs no more should be taken to the store by defendants; that the goods were not included in the schedule of the bankrupt's assets, but were in the indebtedness; that when they took the remainder of the goods to the store they promised to pay the full amount of indebtedness for them, and afterwards gave the note in question in part payment therefor.

The first, second, seventh and eighth assignments of error are all based upon the want of testimony to support the findings, or omissions to find referred to. Without going into a detail of the testimony here, it is sufficient to say that an inspection of the bill of exceptions discloses testimony given upon all the points included in the findings tending to support them. It was for the court to determine the credibility of the testimony and its sufficiency.

There was no error in the court's refusing to find as requested by defendants' counsel in their first and fifth requests.* This disposes of the defendants' fifth and ninth assignments of error. It is alleged as error that the court refused to find that a new promise to pay the discharged debt under bankruptcy proceedings must be assented to by Braastad to bind him. The court so found expressly, and

---

* These requests were:

1. That under the testimony of the plaintiff's witness, the alleged promise to pay the plaintiff's debt in full, and the note in suit given in pursuance of such promise was in fraud of the Bankrupt Law and void.

5. The plaintiff has failed to show a new promise by defendant Braastad to pay the debt compromised and settled under the bankruptcy proceedings, and said defendant is entitled to a judgment in his favor.

necessarily so again when he found defendant assented to the giving of the note.

The remaining assignments all relate to the question of consideration for the note, claiming that the promise, though in writing, to pay the balance of the compromised account in the bankruptcy proceeding, was insufficient. It appears that the defendants continued their business at Ishpeming the same, and in the same name, after as before the institution of the bankruptcy proceedings; and we are unable to discover from the findings or in the testimony that any other matter or thing entered into the consideration for said note, except the goods received by the defendants.

The Bankrupt Law, it is true, suspends the right of action on the balance of a debt partially paid under its discharge of the debtor, but the indebtedness remains the same after as before the discharge, and the moral obligation to pay still continues, and requires payment to be made by the debtor whenever he is of sufficient ability so to do. We know of no law which prevents a man from voluntarily paying his honest debts, or securing the payment thereof, if he desires, although the right of creditors to enforce payment may by the law be suspended; and this moral obligation to pay has always been held a good consideration to support a written contract for payment in a case like the present.

Counsel for defendants insists that the finding of facts does not show how much was due on the note. The finding must be construed in connection with the pleadings in the case, which contain a copy of the note. From these all the data necessary for the court to consider in determining the amount due upon the note appear fully, and this is sufficient. *Bell v. Ardis* 38 Mich. 609.

The judgment must be affirmed with costs.

The other Justices concurred.