Hans B. Larson v. Charles Jensen.

*Promise to pay for goods supplied to another.*

1. A promise to pay for such goods as may be furnished to a third person is an original and not a collateral promise, is based on a sufficient consideration, and is not within the Statute of Frauds as a promise to pay the debt or default of another; it need not therefore be in writing.

2. Where testimony, though inconsistent, has some tendency in places to sustain the declaration, its weight and effect are for the jury alone.

3. Action lies on a promise to pay for goods to be furnished to another if credit therefor was given to the person promising and not at all to the person receiving the goods.

4. Charging goods to the person receiving them is not conclusive evidence that the vendor relied upon him to pay for them and not upon some other person who had promised to do so; especially, if the form of the entry is "John Doe, by order of Richard Roe."

Error to Manistee. (Judkins, J.)    April 9.—April 23.

Assumpsit.    Defendant brings error.    Affirmed.

*L. G. Rutherford* for appellant.

*S. W. Fowler* for appellee.

Champlin, J.    The plaintiff claimed that he entered into an agreement with defendant by which he was to furnish

and deliver to one John Labonta an unlimited amount of merchandise, as he, Labonta, might call for, or order by mail, or otherwise; and defendant was to pay plaintiff for all the goods so ordered or called for by Labonta; that in pursuance of that agreement plaintiff delivered goods to Labonta, from time to time, at the request of defendant, and, at the time this action was brought, plaintiff claimed a balance due him of about four hundred dollars. On the trial the plaintiff gave evidence tending to prove the contract as alleged in the declaration. The plaintiff was the only witness who testified to the contract, and his statement of it was denied by the defendant, who testified that he told plaintiff that Labonta, his son-in-law, was intending to engage in trade in a small way; that he had a little money and that he would help him a little; and asked plaintiff if he could not let Labonta have some goods, and he said he would. The defendant contends that the contract, as set out in the plaintiff's declaration, is void as being against the Statute of Frauds, for the reason that the promise of defendant is collateral, and is only to pay the debt or default of Labonta.

This is a mistake. The promise and undertaking of defendant, as alleged in the declaration, is an original promise, and rests upon a sufficient consideration. The goods were to be furnished to Labonta, it is true, but upon the express agreement that defendant should pay for them. Under the declaration, the entire credit was originally given to defendant.

The defendant also insists that, under the evidence, which is all returned in the record, it was the duty of the trial judge to have taken the case from the jury, and decide the case as matter of law in favor of defendant. But this the trial judge could not do, if there was any evidence tending to prove the plaintiff's claim. The testimony of the plaintiff, however inconsistent with itself, tended, in some parts thereof, to sustain the declaration, and the effect and weight to be given to it was solely a question for the jury, and it

would have been error in the court to have taken the case from them.

The court instructed the jury that the burden of proof was upon the plaintiff to show by a fair preponderance of evidence of the existence of the contract, and that in pursuance of such contract he delivered the goods, relying entirely upon the promise of Jensen to pay the debt. And if the jury was satisfied by a fair preponderance of evidence that the bargain was made as plaintiff claimed, and that he relied entirely upon it and never looked to Labonta for his pay, then he was entitled to recover; otherwise he was not entitled to recover. But if the jury believed the theory of defendant, that no contract of this kind was ever made, and that he never agreed to pay any sum whatever absolutely, he is not liable and they should find no cause of action. The circuit judge placed the case very fully and fairly before the jury, and at the conclusion instructed them as follows:

"The only question for you to determine is, 'was this bargain made between the plaintiff and defendant, whereby goods were to be delivered to Labonta upon the credit of the defendant, and did the plaintiff, relying upon it, deliver the goods solely upon the credit of this man Jensen, and looking to no one else at all for his pay?' That is the question. If you solve that question in favor of the plaintiff, then he is entitled to a verdict; if you solve it against him, then he is not entitled to a verdict. The plaintiff must have looked to the defendant, Jensen, from the beginning to the end of the transaction."

There is no error in the charge of the court. We do not think it is open to the criticism that "the charge, as given assumed that the evidence made out an absolute promise to pay." On the contrary, it was the very question he submitted to the jury, to be determined by them from all the evidence in the case.

The plaintiff testified:

"Last August Mr. Jensen came up to me, in Manistee, and made arrangements to furnish his son-in-law goods when he called for them. The object that Mr. Jensen wanted goods for his son-in-law was because he was a roving charac-

ter, and he would see them paid for. I should deliver the goods to John Labonta, and he would see them paid. He stated the object in wanting the goods. His son-in-law was a sailor by profession, and he wanted to settle him down. He wanted his daughter to run the store, and his son-in-law to work around the mills, if the store didn't require his services. And I agreed to do so."

If this testimony of the plaintiff was found by the jury to be true, the agreement was not within the Statute of Frauds. The statute does not prevent a person from buying goods on his own credit, to be delivered to another, unless in writing. In such case the important question is, to whom was the credit given? And this question the court fairly submitted to the jury.

And the fact that the goods are charged on the books of the seller to the person to whom they were delivered is not conclusive that they were sold upon his credit. *Foster v. Persch* 68 N. Y. 400; *Hazen v. Bearden* 4 Sneed 48; *Walker v. Richards* 41 N. H. 388; *Swift v. Pierce* 13 Allen 136; *Barrett v. McHugh* 128 Mass. 165; *Champion v. Doty* 31 Wis. 190; *Ruggles v. Gatton* 50 Ill. 412. The plaintiff charged the goods delivered as follows: "John Labonta, by order of Charles Jensen." The plaintiff testified that he gave credit to the defendant when he let the goods go, and in response to a question put to him on cross-examination by defendant's attorney, "Who did you look to for pay for those goods?" replied: "Jensen;" and that he did not look to Labonta for it. The court instructed the jury that "the way the goods are charged upon the books does not exclude the parties from showing the exact fact to whom the credit was given." While there was no error in this portion of the charge, we think the charge made upon the books is quite as consistent with the view that credit was originally given to defendant as to Labonta; and the testimony received upon the subject as to whom credit was given was unexceptionable.

There are no errors in the record that call for a reversal of the judgment and therefore it is affirmed.

The other Justices concurred.