## James H. Brown v. David B. Weightman.

*Objection to testimony—Reason should be stated—To enable trial judge to pass upon precise question involved—Account-books as evidence—If admission error, it was without prejudice in this case.*

1. The *reason* for an objection to the *admissibility* of evidence should be *pointed* out, so that the trial judge can have an opportunity to pass upon the *precise* question involved.

2. Where an account-book of defendant containing the items of his account against plaintiff, which he was endeavoring to prove by way of set-off, was admitted in evidence against plaintiff's objection, and defendant, after looking at same and *refreshing* his recollection thereby, was enabled to testify of his *own knowledge* to the work done and the *correctness* of the items thereof, and witnesses sworn on behalf of both parties gave testimony tending to show the correctness of the several items of set-off, as far as questioned,—

*Held*, without deciding as to the admissibility of the book in evidence, that plaintiff was not harmed by such admission.

Error to Kent. (Judkins, J., presiding.) Argued July 16, 1886. Decided July 21, 1886.

--------

[1] See *Peninsular Iron Co. v. Crystal Falls*, 60 Mich. 511 (head-note 2).

. Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Ward & Ward* (*Godwin & Earle*, of counsel), for appellant.

[No authorities cited.—REPORTER.]

*Henry B. Fallass*, for defendant.

MORSE, J. The only error assigned upon the record in this case is the admission in behalf of defendant of a book in which he kept, or had transcribed from scratch-books, the items of his account against plaintiff, which he was endeavoring to prove by way of set-off against plaintiff's claim.

When the book was offered in evidence the plaintiff's counsel said : "I object." The court : "I will receive it." Exception was taken to the ruling. No further objection or exception was made by plaintiff's counsel.

It is unnecessary to discuss the question of its admissibility.

It may be a query as to the nature and amount of proof required as precedent to the admission of books of account since parties have become competent to testify in their own behalf. Whether or not the old rule in force, when the testimony of the parties was excluded, is to be continued, it is nevertheless due the trial court that the reasons for an objection to the admission of the same should be stated, if advantage of the same is to be taken in the appellate Court. We have repeatedly held that the objections to the admissibility of evidence should be pointed out, so that the trial judge can have an opportunity to pass upon the precise question involved. *Campbell v. People*, 34 Mich. 351; *Turner v. People*, 33 Id. 382; *Heymes v. Champlin*, 52 Id. 25 ; *Baylis v. Stout*, 49 Id. 215 ; *Advertiser & Tribune Co. v. Detroit*, 43 Id. 116.

The trial court was not informed whether the objection was aimed at the immateriality or incompetency of the proposed evidence, or, if to its incompetency, in what respect.

When Mr. Weightman's attention was first called to the

book, the plaintiff's attorney, before he examined the book, was allowed, at his request, to ask a question as follows: "Whether this is the original book kept at the time you did the work." The witness started to answer, "In this—," and was then interrupted by the plaintiff's counsel, "I object to that."

If the objection had been directly aimed at the competency of the evidence, the counsel for defendant, it is to be presumed, would have, if the same had been sustained, cured the defect by additional testimony, or endeavored to do so. If not sustained by the court, the question would have been directly raised, and in issue here.

As it is, we cannot presume what specific objection was intended in the court below to the reception of this book, nor pass upon here questions not raised there.

A careful examination of the record also satisfies us that there was no harm done to the plaintiff by the admission of this book, as the defendant, after looking at the same, and refreshing his recollection thereby, was enabled to testify of his own knowledge to the work, and the correctness of the items thereof, and witnesses sworn on behalf of both parties, as shown by the record, gave testimony "tending to show the correctness of the several items of defendant's bill of particulars, so far as they were questioned."

The judgment of the court below is affirmed, with costs.

The other Justices concurred.