JOHN A. MONTAGUE v. GEORGE W. DOUGAN.

*Findings of fact—Evidence—Account books.*

1. The findings of fact made by the trial judge cannot be disturbed if there was any evidence to support them.

2. Since the statute has made the parties to a suit competent witnesses, they can testify as well to the keeping of their accounts, and the correctness of their books, as to any other facts, and proof by third parties of their having settled according to such books, and that they were correctly kept, is not essential to their introduction in evidence.

3. In a suit to recover the price of merchandise claimed to have been sold to defendant, to whom the credit was given, and by his order delivered to a third party, whom he claimed was the real debtor, the plaintiff's books are competent evidence to show to whom the goods were charged, and the credit given. *Larson v. Jensen,* 53 Mich. 427.

Error to Berrien. (Smith, J.) Argued November 10, 1887. Decided January 5, 1888.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Theo. G. Beaver,* for appellant.

*George F. Edwards,* for plaintiff.

SHERWOOD, C. J. This case is an action of assumpsit, originally brought before a justice of the peace in the city of Niles. The plaintiff declared upon the common counts, adding thereto a bill of particulars of his demand. The defendant pleaded the general issue, with notice of set-off and of money tendered, and deposited with the court the amount tendered, being $16.32, and costs, $1.75.

The plaintiff recovered judgment before the justice for $93.73, and, on appeal by the defendant to the circuit court

for the county of Berrien, the plaintiff recovered $101.78. It was tried in the circuit, before Judge Smith, without a jury, and, at the close of the testimony, the defendant's counsel presented to the court 21 written requests to find upon the facts, and 9 upon the questions of law, which he deemed applicable to the facts in the case.

The following is the defendant's sixteenth request to find upon the facts:

"That this suit was commenced in justice's court; that on October 18, 1884, such justice taxed all the costs that had been made up to that time in said suit at $1.75; that on the same day defendant, by his attorney, tendered to George F. Edwards, who was the attorney for the plaintiff, the sum of $1.75, the costs made and taxed, and also the sum of $16.32, as sufficient to pay plaintiff's demand; that said attorney refused the same; that on the same day defendant filed his plea and notice of tender with said justice, and deposited the sum of $1.75, as costs, so taxed, and the sum of $16.32, as sufficient to pay plaintiff's demand, with said justice, who returned the same to the circuit court on the appeal herein; that said sums are still with the clerk of this court as such tender in said cause."

Upon the several requests, both of law and fact, the circuit judge made the following findings, upon which judgment was rendered:

" As to the 1st and 15th requests to find, I find that they are immaterial to the issue in this cause.

"As to the 2d, 3d, 4th, 3½, 5th, 6th, 7th, 8th, 10th, 11th, 12th, 13th, and 17th requests to find, they are incorrect and untrue.

" As to the 16th request to find, I find as requested.

" As to the 18th, 19th, and 20th requests to find, I find that they are statements of the defendant as to what he claims to be the evidence, and not of facts in the case.

" And to all his requests to find conclusions of law, I find them all not applicable to this case.

" I find, as matters of fact in this case, that the defendant purchased of the plaintiff, in the year 1879, goods, wares, and merchandise, and delivered by his order to one Jacob K. Brown, amounting to the sum of $73.29, as set forth in a

bill of particulars filed by plaintiff in this cause, and that, as a conclusion of law, the plaintiff is entitled to recover the amount, with interest from the eighth day of August, 1880, amounting to $101.78."

We have looked through this record, which purports to give all the evidence in the case, and think that the circuit judge came to the right conclusions in the case. We cannot disturb his findings of the facts, if there was any evidence to support them; and, as to the credibility of the testimony, his advantages for arriving at correct conclusions were far superior to ours. *Edwards v. Nelson,* 51 Mich. 121 (16 N. W. Rep. 261). Of course the tender, being insufficient in amount, was of no avail. The plaintiff and two witnesses testified to the obtaining of the goods sued for of the plaintiff, and that the defendant directed the goods to be charged to himself. We do not think any of the defendant's exceptions can be sustained to the rulings of the court in receiving and rejecting testimony.

Some stress is laid upon the fact that the plaintiff's books were allowed to be put in evidence, without proof by other persons that they had settled accounts with the plaintiff upon his books, and that he kept correct books. Such proof is unnecessary, since the statute allows parties to testify, generally, in the case. They can testify as well to the keeping of their accounts, and the correctness of their books, as to any other facts. *Brown v. Weightman,* 62 Mich. 557 (29 N. W. Rep. 98).

The question of the agency of a Mr. Brown, who purchased, and gave directions for the charging of, a number of articles, was strongly challenged upon the trial; but, so long as there were facts upon the subject of ratification of his agency to be found by the court, it is of little account what was the extent of his original authority. *Webster v. Wray,* 17 Neb. 579 (24 N. W. Rep. 207, 208).

The plaintiff's books were offered to show to whom the

goods were charged, and to whom the credit was given; and for this purpose, under the facts stated in the record, the proof was properly received. *Winslow v. Dakota Lumber Co.*, 20 N. W. Rep. 145; *Larson v. Jensen*, 53 Mich. 427 (19 N. W. Rep. 130).

The record fails to disclose any error prejudicial to the defendant, and the judgment at the circuit must be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.