BENJAMIN F. GANTHER v. JAMES JENKS & COMPANY (A CORPORATION).

*Contract of employment—Action to recover for services—Evidence—Account-books of corporation.*

1. In a suit to recover for services rendered by plaintiff, at a monthly salary, and, as he claimed, the same in amount as he was to receive from another party for whom he had worked before entering into defendant's employment (who had succeeded to the business), but which *last* amount was in *dispute*, evidence on the part of the plaintiff showing such *prior* employment and its *terms* as he claimed is inadmissible, as it raises a collateral issue which cannot be tried in the case.

2. In *such* a case questions calling for evidence regarding the business of the former employer, and the skill and service of the plaintiff while in his employ, and what would be a low average rate of wages for the class of work *then* done, are properly excluded, the *legal* inquiry being as to the services performed for the defendant, and their value.

3. The books of a corporation, when properly kept by its officers or agents, are *competent* testimony to prove the entries of payments entered therein as paid to an employé.

Error to Wayne.   (Gartner, J.)   Argued April 10, 1889. Decided October 18, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Bowen, Douglas & Whiting* and *George W. Radford,* for appellant.

*J. W. Donovan* and *W. I. Robinson,* for plaintiff.

SHERWOOD, C. J.    The defendant is a corporation in Detroit, and was organized October 22, 1883.

Prior to the organization of the corporation, James Jenks had for many years individually carried on the same business, which consisted largely in the manufacture of steam injectors under certain patents of which he was the inventor.

The plaintiff first entered the employment of Mr. Jenks upon the latter's solicitation, induced by the recommendation of a mutual friend.    The terms of the plaintiff's employment were in writing.

The following correspondence contains all that is important relating to that contract:

"May 29, 1882.
"BENJ. F. GANTHER, ESQ.,
        "No. 61 South Illinois street, Indianapolis, Ind.

"*Dear Sir:* My agent, Mr. Meyers, gives me your address, as I am in want of a canvasser to sell injectors.  I want a man who can not only sell machines, but who can look after the practical part of the business as well.  I understand that you were with Nathan & Dreyfus, handling the Freidman, for a short time, and went south with it.  If you are at liberty, I should be pleased to hear from you with references as to ability," etc.

To this letter Ganther made the following reply:

"INDIANAPOLIS, May 31, 1882.
"MR. JAMES JENKS,
        "16 and 18 Atwater St. East, Detroit, Mich.

"*Dear Sir:*   Your favor of May 29 just received and carefully noted.   Would say that I am selling new and second-hand machinery on commission, but, if satisfactory arrangements can be made between us, I would accept a position under your charge.

"I having learned the machinist trade when young, and working at it ever since, being employed at Indianapolis Gas Light and Coke Co. alone for five years in machine and pipe-fitting department, and I think there is no question but what I can favorably do the work you require.

"For any information you may desire in regard to my character, address any of the following named gentlemen and business men of this city." (Here follow the names of several individuals and firms.)

To this letter Mr. Jenks replied as follows:

"June 1, 1882.

"Ben. F. Ganther, Esq.,
   "No. 61 South Illinois St., Indianapolis, Ind.

"*Dear Sir:* I have your favor of the thirty-first ult., and note contents. Provided your references are satisfactory, which I have no doubt they will be, I will give you for the first four (4) months (to see what you can do) $50 per month and your expenses. If you prove satisfactory, and can sell the goods to advantage, I will for the remaining eight months pay you $75 per month and expenses, and at the end of the year make new arrangements with you. Awaiting your reply, I remain."

Subsequently, Mr. Jenks wrote Mr. Ganther again, saying:

"Your references are satisfactory, so far as they go, but they do not give me any light as to your ability as a salesman. I would like to see you, and would therefore ask you to come to Detroit on receipt of this, and we can then talk over the matter, and, if no arrangement is made, I will cheerfully pay your expenses up and back. If, on talking with you, I think you can fill the bill, I will carry out my proposition of the first inst., and put you to work immediately."

Ganther commenced work for Jenks under the terms contained in the letter of June 1, and continued work for Jenks, and the corporation after its organization, until October 22, 1887, and, as Ganther claims, all the time under the terms contained in said letter. This is denied by defendant Jenks, who claims the employment of Ganther by him was by the letter as an agent or canvasser to sell injectors; that he did not prove a success as such, and within the time provided for in the letter of June 1, viz., four months, he was notified that his services were not satisfactory, and he was recalled, and on his return to Detroit, being unable to fill his contract, he was given an inferior position,—that of

shipping clerk,—his duties being to pack and ship goods, and to go out occasionally and look after some injector which for some reason was reported as not working; and that the agreed price of this new work was to be $40 per month.

The plaintiff's claim is now not for the service performed for Jenks, but for his services rendered for the corporation for a period of 48 months; his bill of particulars being for the period from October 22, 1883, to October 22, 1887.

The declaration is in *assumpsit* upon the common counts, and the items for which recovery is sought are stated as follows:

| | |
|---|---:|
| To 48 months, Oct. 22, 1883, to Oct. 22, 1887, services as traveling agent in putting up machinery and labor done, at rate of $75.00 per month | $3,600 00 |
| To expenses paid, at $20.00 per month | 960 00 |
| | $4,560 00 |
| Deduct payment | 1,615 00 |
| Balance due | $2,945 00 |

The defendant pleaded the general issue. The jury gave their verdict for the plaintiff for $1,985.

The court directed the jury to disallow the item, $960, charged for expenses; and it will be noticed, with this stricken out, the balance of the account is awarded to the plaintiff as presented, deducting the amount admitted to have been paid plaintiff. In other words, the plaintiff was allowed to recover for his four years' service at the rate of $75 per month. The defendant admitted that there was due to the plaintiff $175, allowing him $40 per month for his service; and it appeared, further, that this amount was tendered to plaintiff before this suit was commenced.

Four errors are assigned by the defendant for reversal.

The first assignment relates to the testimony showing the employment of plaintiff by Mr. Jenks before the corporation was organized. There was something very mischievous about this testimony. The plausible reasons for its admission

on first impression would seem to make it imperative; but a little reflection, I think, must convince all that it was erroneously admitted. It was offered by counsel, and received by the learned circuit judge, as tending to show what the understanding was between the parties to this suit as to the monthly pay of plaintiff; and this was done, it was claimed, by showing that plaintiff was to have the same as was agreed upon under his agreement with Jenks.

But the difficulty of this position is that, notwithstanding there was some testimony tending in that direction, what plaintiff was to have under his contract with Jenks had not yet been ascertained. It was still in dispute between those parties, and the testimony objected to raised a collateral issue which could not be tried in this case. Had there been no question made as to what Jenks was to give plaintiff, then I think the testimony would have been admissible; but, as it was not, the testimony was erroneously admitted. This is sufficient alone to reverse the judgment.

The second assignment of error relates to three questions propounded by plaintiff's counsel to his witness, and objected to by defendant's counsel. The first of these refers to the business of Jenks before the corporation was formed. The second relates to plaintiff's skill and service while in the employ of Jenks, and the third asks what would be a low average rate of wages for that class of work at that time. All these questions were objectionable. It was the services for the defendant that should have been inquired after, and their value. This alone was competent.

The third error assigned is the refusal to give the defendant's five requests to charge. I think all should have been given, under the circumstances and testimony in this case, which were proper to go before the jury, except the fourth. I do not think the case, if properly tried, was one in which the court should have directed the verdict.

The fourth assignment of error is based upon the refusal

of the court to allow the payment of the moneys claimed to have been made by the defendant to the plaintiff for his service to be shown by the introduction of the books of the company in evidence upon which the account of such payments had been kept. Such books, when properly kept by the proper officers or agents of the company, are competent testimony to prove such entries; and that seems to have been the case here. This question is also raised under the third request to charge. The jury's attention should have been challenged to the books upon the subject of amount paid plaintiff at the time requested, that it might have been considered with the other testimony in the case showing payments made to the plaintiff by the company.

For these several errors noticed we think the judgment should be reversed, and a new trial granted.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.