95 274
112 62
112 472

95 274
119 288

95 274
s54NW 759
129 2554
129 3554

95 274
135 456

95 274
155 3570

THE SEVENTH-DAY ADVENTIST PUBLISHING ASSOCIATION v. DAVID FISHER, ADMINISTRATOR, ETC.

[See 85 Mich. 472.]

*Res judicata—Set-off—Evidence—Books of account.*

1. The failure of a defendant to give notice of set-off will not preclude him from bringing a suit to recover a claim which he might have set off, but did not, in the former case.[1]

2. Proof that books of account have been correctly and accurately kept is sufficient to meet the claim that there is no evidence tending to show their fairness, raised under an objection that they are irrelevant, immaterial, and incompetent as evidence.

3. It is not necessary, in order to lay a foundation for the introduction of books of account in evidence, for the owner to call as witnesses third parties who have settled by the books; citing *Montague v. Dougan,* 68 Mich. 98; *Ganther v. Jenks & Co.,* 76 Id. 510; *Lester v. Thompson,* 91 Id. 250.

Error to Calhoun. (Hooker, J.) Argued March 10, 1893. Decided April 7, 1893.

Claim against the estate of a decedent. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Crane & Breck,* for appellant, contended:

1. Plaintiff has had its day in court in this case, and comes within the principle laid down in *Barker v. Cleveland,* 19 Mich. 230; *Hazen v. Reed,* 30 Id. 331; *Jacobson v. Miller,* 41 Id. 94.

*Hulbert & Mechem,* for plaintiff.

MONTGOMERY, J.   The plaintiff presented a claim against the estate of Eliphet M. Kimball, deceased, for cash advanced to him during his life-time, for goods pur-

---

[1] See *Mimnaugh v. Partlin,* 67 Mich. 391.

chased, and for subscriptions to periodicals published by plaintiff, amounting in the aggregate to $453.30. On appeal to the circuit court judgment was rendered for this sum with interest, and the administrator appeals. There were written findings of fact, and it is conceded that the findings support the judgment, unless it be held that plaintiff was precluded from recovering by the judgment in the former suit hereinafter referred to. It is also insisted that there was error in receiving in evidence the plaintiff's books of account.

1. It is claimed that the subject-matter of the suit was, or might have been, litigated in another suit between the same parties. It appears that the representative of Kimball brought an action against the present plaintiff to recover a sum of money obtained by the association from the deceased in his life-time, to be devoted to charitable uses, but which it was claimed was obtained by undue influence. The bill of particulars filed by the administrator in that case contained a charge for $2,200, "less some small payments made to Eliphet M. Kimball in his life-time by said defendant.". The court in that case found payments to the amount of $414, and gave credit for the same. No set-off was pleaded in that case, but the association denied any liability, and rested upon that defense. In the present case the circuit judge finds as follows:

"None of the items involved in this claim were before the court by evidence, nor were the same, or either of them, considered, allowed, applied, or adjudicated on said trial."

It is distinctly returned that the present bill of exceptions does not contain all the evidence, and also that there was evidence showing that none of the items claimed for in this action were included in the former case referred to. This finding is therefore conclusive, unless it be held as a matter of law that through its failure to plead set-off the plaintiff is concluded from afterwards bringing suit

upon its counter-claim. Such is not the law. Herm. Estop. § 266; *McEwen v. Bigelow*, 40 Mich. 215; *Huntoon v. Russell*, 41 Id. 316; *Morehouse v. Baker*, 48 Id. 335; *Mitchell v. Wells*, 54 Id. 127. The authorities cited by defendant's counsel are cases in which the counter-claim was set up by the defendant, and was within the issue tried.

2. The plaintiff's books of account were received in evidence against the objection of defendant's counsel that the same were irrelevant, immaterial, and incompetent. The defendant now contends that the proper foundation was not laid for the introduction of the books. It is very doubtful whether the general objection was such as to challenge the attention of the trial court to the point now relied upon. *Brown v. Weightman*, 62 Mich. 557. The plaintiff had, however, called five witnesses, who had kept the books in question, and who testified that the books were correctly and accurately kept, and on these books were daily entered the items. The defendant's counsel rely on the case of *Jackson v. Evans*, 8 Mich. 476. It has been held, however, since the statute which permits parties to testify in their own behalf, it is no longer necessary to call as witnesses others who have settled by the books. In *Montague v. Dougan*, 68 Mich. 100, it is said.

"Some stress is laid upon the fact that the plaintiff's books were allowed to be put in evidence without proof by other persons that they had settled accounts with the plaintiff upon his books, and that he kept correct books. Such proof is unnecessary, since the statute allows parties to testify generally in the case. They can testify as well to the keeping of their accounts, and the correctness of their books, as to any other facts."

See, also, *Ganther v. Jenks & Co.*, 76 Mich. 510; *Lester v. Thompson*, 91 Id. 250.

It is contended that the evidence failed to show the *fairness* of the books; but certainly proof that the books

were *correctly* and *accurately* kept was sufficient to meet the general objection made.

Judgment affirmed, with costs.

McGRATH, LONG, and GRANT, JJ., concurred. HOOKER, C. J., did not sit.