### BAXTER *v.* REYNOLDS.

1. EVIDENCE—PROMISE TO PAY.
   Evidence that defendant in an action to recover a bill for printing looked over the plaintiff's books containing the items embraced in the bill of particulars, and agreed on the amount due, and promised to pay it, is admissible, although no mention of an account stated is made in the bill of particulars, where defendant claims that the printing was done for and credit extended to another, and not to himself.

2. SAME—BOOKS OF ACCOUNT—FOUNDATION FOR ADMISSION.
   The testimony of a witness that he made entries in an account book as original entries taken from the job or order book, and that he knew they were correct, is sufficient to admit the book in behalf of the one for whom the entries were made,—especially where there is evidence that the adverse party had agreed to settle the account as contained in such entries.

Error to Ingham; Wisner, J., presiding. Submitted February 11, 1897. Decided April 27, 1897.

*Assumpsit* by Charles H. Baxter and another against DeElbert A. Reynolds to recover a bill for printing.

From a judgment for plaintiffs, defendant brings error. Affirmed.

*William A. Fraser*, for appellant.

*F. S. Porter*, for appellees.

Moore, J.    Plaintiffs sued defendant to recover a bill for printing, which they claim was to be paid by him.    It was the defendant's claim that the printing was done for the Ancient Order of Loyal Americans, and that the credit was extended to that order, and not to the defendant.    The case was tried by a jury, who rendered a verdict in favor of the plaintiffs.    Defendant appeals.

Plaintiffs filed with their declaration a bill of particulars.    They were allowed on the trial to show that, after all the work was done, the defendant looked over their books containing the items embraced in their bill of particulars, and agreed upon how much was due, and the defendant agreed to pay it.    It is said this is error, because it is an attempt to show an account stated, which is not mentioned in the bill of particulars.    We think the testimony was competent, for two reasons:    *First*, to show that defendant had received the items charged; and, *second*, to show his recognition of his liability for them.

Plaintiffs were allowed to introduce two or three pages of their books of account in evidence.    This is assigned as error because the proper foundation had not been laid.    Before they were received, the witness testified that he made the entries, that they were the original entries as taken from the job or order book, and that he knew they were correct.    It also appears from the record that plaintiffs claimed defendant had agreed to settle the account as contained in these entries.    It was not error to admit the testimony.    *Montague* v. *Dougan*, 68 Mich. 98; *Seventh-Day Adventist Publishing Ass'n* v. *Fisher*, 95 Mich. 274; *Lester* v. *Thompson*, 91 Mich. 245.

The other errors assigned, demanding attention, relate to the charge of the court. Defendant requested the court to charge "that, as a matter of law, all testimony tending to show a settlement between the parties to this suit cannot be considered by you, as it is not in conformity to the plaintiffs' bill of particulars." The court refused to give this request. His refusal is said to be error. We have already disposed of this assigned error by what we have said in relation to the admission of the testimony.

The questions involved between the parties were questions of fact. An-inspection of the record shows that the rulings of the trial court in relation to the admission of evidence were fully as favorable to the defendant as they should have been. He also charged the jury fully, carefully, and accurately as to the law of the case applicable to the claims of the respective parties. The propositions involved are not new, and it would not be of interest to discuss them in detail.

The judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred with MOORE, J. HOOKER, J., concurred in the result.