CAMERON LUMBER CO. v. SOMERVILLE.

1. EVIDENCE—BOOKS OF ACCOUNT—ADMISSIBILITY.

Where, in an action on an account, it was shown that plaintiff's books, which were offered in evidence, were books of original entry, that they were properly kept, that settlements had been made by them, and that they had never been disputed; and all the charges against defendant were proved by the clerks who made them, except certain items shown to be in the handwriting of two clerks who were beyond the jurisdiction; and defendant objected to only one item, which he said was improperly charged, and such item was not included in the verdict,—the admission of the books was not error.

2. TRIAL—MISCONDUCT OF COUNSEL—APPEAL.
    The judgment was affirmed, notwithstanding certain improper
        remarks of counsel in the argument to the jury; the court
        having instructed them to disregard all remarks not based on
        the testimony.

Error to Antrim; Mayne, J.   Submitted January 28,
1902.   Decided March 4, 1902.

*Assumpsit* by the Cameron Lumber Company against
Matthew Somerville for goods sold and delivered.   From
a judgment for plaintiff, defendant brings error.   Affirmed.

*Nelson C. Weter* and *N. R. Wilke*, for appellant.

*M. W. Newkirk*, for appellee.

MOORE, J.   The plaintiff sued to recover a balance of
$126.79 and interest thereon, claimed to be due from
defendant.   The case was tried by a jury, who returned a
verdict for $119.07 and interest thereon.   The case is
brought here by writ of error.

It is claimed the court erred in admitting in evidence
the books of plaintiff without calling all the clerks who
made the entries.   It was shown that the books were
books of original entries; that they were properly kept;
that settlements had been made with different parties, and
the books had never been disputed, and the parties who
settled from them had accepted them as correct.   Several
clerks were called by whom sales making up a large propor-
tion of the items for which suit was brought were proven,
and who had made the original entries.   A few of the items
were not thus proven.   These were sales made by two clerks
shown to be beyond the jurisdiction of the court, but the
entries were shown to be in their handwriting.   The defend-
ant was a witness in his own behalf.   On the cross-exam-
ination he was shown the bill of particulars and asked:

" *Q.* You can't think of any items that you object to
upon that bill of particulars, can you ?

"*A.* There is an order to some one there of $7.60.   I did
not give that.   The man that cut logs went and got it.   I

went down there, and talked to Mr. Salchow about it.   I said, 'I told you not to give them anything without an order '   'All right,' he said, 'but I would like to have you see that this is paid.'   And I said I would.   Yes, I agreed to pay it."

The verdict rendered would indicate this $7.60 was not included therein.   We think the court did not err in admitting the books in evidence under this showing.   *Montague* v. *Dougan*, 68 Mich. 98 (35 N. W. 840); *Ganther* v. *Jenks & Co.*, 76 Mich. 510 (43 N. W. 600); *Lester* v. *Thompson*, 91 Mich. 245 (51 N. W. 893); *Seventh-Day Adventist Publishing Ass'n* v. *Fisher*, 95 Mich. 274 (54 N. W. 759); *Baxter* v. *Reynolds*, 112 Mich. 471 (70 N. W. 1039).

Complaint is made of the language and conduct of counsel in putting in his testimony. ˙ Some of the language used was justified by the record.   Some of the questions put were leading, but as to them the court sustained the objection of counsel for defendant.   Complaint is also made of language used by counsel in his argument to the jury.   The language was improper, and in a doubtful case, if the effect of it had not been corrected by the trial judge, we should regard it as prejudicial error calling for a reversal.   In his charge to the jury the judge said ·

"The arguments of counsel and the remarks are given for the purpose of enabling you and aiding you to arrive at a just verdict, and, as far as their arguments and their reasons are based on the evidence in the case, you should consider them and receive them for what they are worth. Where remarks are made by counsel not based on the testimony, whether in the progress of the trial or during the argument, of course these remarks will not be considered by you.   I charge you that you are to arrive at your verdict on the testimony as you hear it from the witnesses and the law as given by me, also, of course, from the several exhibits admitted in evidence, and not from what the attorneys may say it is.   There were certain remarks of counsel on certain testimony which was offered, and which was given in your hearing, and then stricken out by the court, and, as to such remarks and testimony so stricken out, you will give no attention at all.   It is no part of this case."

Under the facts disclosed by the record, we would not feel justified in setting aside the verdict because of the conduct of counsel. *Battishill* v. *Humphreys*, 64 Mich. 514 (38 N. W. 581); *People* v. *Hess*, 85 Mich. 128 (48 N. W. 181); *People* v. *Pope*, 108 Mich. 361 (66 N. W. 213); *People* v. *Swartz*, 118 Mich. 292 (76 N. W. 491).

We do not deem it necessary to discuss the other assignments of error.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.