## DAVIS v. BUTTARS.

1. EVIDENCE—BOOKS OF ACCOUNT—ADMISSIBILITY—RULE.

Where the evidence showed that an account book contain-
ing an entry of the account sued upon by an administra-
trix was the only book deceased kept, that he had no
regular bookkeeping system, that he entered sales as he
made them, and that the entry in question was an original
one and in deceased's handwriting, and that the entry bore
date of the day when the sale was made, the rule with
reference to the admission of books of account was fairly
satisfied.[1]

2. SAME—JOINT DEFENDANT—SELF-SERVING EVIDENCE.

Where one of the defendants had been discharged in bank-
ruptcy and the suit proceeded against the other as sole
defendant, the defense being that the sale was not a joint
one, but that one of the defendants purchased the stock of
goods and the other the warehouse, the admission in evi-
dence of the book of account was not open to the objection
that it was error because it placed before the jury the de-
ceased's version of the sale; the entry not differing ma-
terially from the ordinary entry in books of account.

3. SAME.

The fact that the deceased charged the consideration for the
warehouse and stock of goods to defendants jointly would
be some evidence that the sale was made to them.

4. TRIAL—INSTRUCTIONS—JOINT OR SEVERAL SALE.

Where the court in his charge as to defendants' claims stated
to the jury that "They do not give any evidence that
would bear directly," the language so used cannot be con-
strued as referring to the claim that the purchase was
several, but to another claim, as both defendants testified
without objection to that effect, and the court later in-
structed them that the issue was whether it was a joint
or several purchase.

5. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

Where the evidence presented an issue which it was the
duty of the court below to submit to the jury, and there
was testimony which, if believed, furnished a basis for
the conclusion of the jury, the trial court properly re-

'See note in 52 L. R. A. 545.

fused to disturb it on the ground that it was against the weight of the evidence.

6. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—APPEAL AND ERROR.

Where the defense rested principally upon testimony of defendants which was incompetent under section 12553, 3 Comp. Laws 1915, being equally within knowledge of the deceased, the Supreme Court will not use it as a basis for reversal on the ground that the verdict was against the great weight of the evidence, although its admissibility was not raised in the court below.

OSTRANDER, C. J., and MOORE and BROOKE, JJ., dissenting.

Error to Emmet; Shepherd, J. Submitted October 24, 1917. (Docket No. 117.) Decided June 3, 1918.

Assumpsit by Mary Davis, administratrix of the estate of Lewis S. Davis, deceased, against Archibald Buttars and another on a contract for the sale of a warehouse and stock of merchandise. Judgment for plaintiff. Defendant Buttars brings error. Affirmed.

*C. J. Pailthorp,* for appellant.

*Mesick & Miller (Norris, McPherson, Harrington & Waer,* of counsel), for appellee.

BIRD, J. Mary Davis, representing her husband's estate, brought this suit against Archibald Buttars and Charles Bogardus to recover the contract price of a warehouse and stock of merchandise sold to them by her husband for the sum of $1,474.32. It was plaintiff's claim that it was a joint purchase by the defendants and that both were liable for the purchase price. Defendants denied that it was a joint purchase and asserted that defendant Buttars purchased the merchandise and paid therefor the sum of $474.32, and that Bogardus purchased the warehouse and paid for the same by canceling certain indebtedness owing by deceased to him for lumber. There also appears to have been some claim made by defendants

that an agreement was entered into after the purchase to the effect that Buttars should pay for the merchandise and Bogardus the warehouse. Some time after suit was started a receipt signed by Mr. Davis for $474.32 was found and the same was admitted to be genuine, and that part of the claim was eliminated. In response to the suit the defendants filed a joint plea and notice but subsequently the notice was amended by showing that Bogardus had been discharged in bankruptcy. The suit then proceeded against Buttars as sole defendant. The real issue was whether the purchase was a joint one. The jury found that it was and rendered judgment for plaintiff. Defendant Buttars assigns error.

1. An account book in which the deceased entered his sales was offered and received in evidence showing the following entry:

"October 23, 1905.. Sold the warehouse and stock to Buttars and Bogardus for $1,474.32."

The admission of this entry is said to be error for the reason that no proper foundation was laid. It appears from the testimony of the daughter that her father had no regular bookkeeping system; that the book in question was the only one he kept. In it he entered sales as he made them; that the entry was an original entry, was made by her father and was in his handwriting. Other testimony shows that the entry bears date of the day when the sale was made. We think this testimony fairly satisfied the rule with reference to the admission of books of account. *The Seventh-Day Adventist Pub. Ass'n* v. *Fisher,* 95 Mich. 274; *Macomb* v. *Wilkinson,* 83 Mich. 486.

The further claim is made in this connection that it was error because it placed before the jury the deceased's version of the sale. The entry which the deceased made did not differ materially from the ordinary entry in books of account. It was unlike the

situation pointed out by counsel in the case of *Collins* v. *Shaw*, 124 Mich. 474. The fact that the deceased charged the consideration for the warehouse and stock of goods to Buttars and Bogardus would be some evidence that the sale was made to them. *Larson* v. *Jensen*, 53 Mich. 427; *Montague* v. *Dougan*, 68 Mich. 98.

2. In that part of the charge in which the court attempted to state to the jury the claims of the defendant, he made use of the words: "They do not give any evidence that would bear directly." Counsel construes these words as having reference to their claim that the stock was purchased by Buttars and the warehouse by Bogardus and, therefore, was a misstatement of fact. We do not so construe the language. We think it is a fair construction to say that this language had reference to another claim of defendants that Davis was owing Bogardus and, therefore, it was arranged that Bogardus should settle for the warehouse. The jury could not have been misled by this language as both Buttars and Bogardus testified without objection that it was a several purchase and the court later instructed them that the issue was whether it was a joint or several purchase.

3. The failure of the court to set aside the verdict because it was contrary to the great weight of the evidence is assigned as error and counsel urges that the claim is without merit and should have been disposed of by the court. Whatever may have been the private opinion of the trial judge concerning the merit of the claim he was confronted by testimony which made an issue of fact as to whether the purchase was a joint or several one, and it thereby became his duty to submit the question to the jury. They found as two former juries had found on the same state of facts. There was testimony which, if believed, would furnish a basis for this conclusion, and we think the trial court very properly refused to disturb it, on the ground that it

was contrary to the great weight of the evidence. The defense rested principally upon the testimony of the defendants which was clearly incompetent under the statute, 3 Comp. Laws 1915, § 12553. While no question is raised upon the record concerning the admission of this testimony, we do not think it should be used by us as a basis for reaching the conclusion that the verdict was contrary to the great weight of the evidence.

STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, JJ.

OSTRANDER, C. J. (*dissenting*). At the time of the transaction in question here, plaintiff's decedent, who had conducted a store, kept a single book in which he made entries. The testimony is to the effect that on or about October 23, 1905, he made the following entry:

"October 23, 1905. Sold the warehouse and stock to Buttars and Bogardus for $1,474.32."

Testimony for plaintiff tended to prove, also, the goods—stock—were inventoried on October 23, 1905, the value as per inventory being $474.32, and that whatever the transaction was the warehouse was valued at $1,000. In the opening statement of counsel for the plaintiff, it was conceded that $474.32 had been paid to plaintiff's decedent. On the evening of October 23, 1905, when the inventory of stock was being taken, there were present in the warehouse plaintiff's decedent, his daughter, who assisted in making the inventory, and the defendants. Upon leaving, defendant Bogardus said to plaintiff's decedent, "We will settle this tomorrow." Plaintiff's decedent lived until March 6, 1908, in Pellston, Michigan, where, also, defendant Buttars lived during all of that time. Defendant Buttars at once took charge of the stock of goods,

hiring some one to sell it for him. Plaintiff's letters as administratrix of the estate of her deceased husband, Lewis S. Davis, were received in evidence. Plaintiff sued two defendants, Charles Bogardus and Archibald Buttars, claiming a joint indebtedness. No other evidence of the debt or of its character than is here stated was introduced by plaintiff before resting her case.

Upon the part of defendant Buttars (Bogardus having been discharged as a bankrupt) a receipt made by plaintiff's decedent was produced, which reads:

"$474.32.                    PELLSTON, MICH., 11/1/05.
"Received of A. H. Buttars four seventy-four and 32/100 dollars in full for stock and fixtures in warehouse in Pellston, Michigan.
                              "L. S. DAVIS."

It appeared, and is not disputed, that Buttars took possession of and sold the merchandise, while Bogardus took, claimed title to, and sold the warehouse, and had the proceeds of such sale; that plaintiff's decedent owed Bogardus when the transaction occurred some $1,200; that no credit was in fact given plaintiff's decedent upon Bogardus's books for the $1,000, the selling price of the warehouse; that this sum is unpaid unless by the warehouse; that during his lifetime plaintiff's decedent never sought to collect the $1,000 from either Bogardus or from Buttars, who was a banker in Pellston. Plaintiff's decedent borrowed money at the Buttars bank in July, in September, 1907, and once at a later date, the amount last borrowed being unpaid at the time of his death.

Everything else aside, in any view of the testimony, the verdict is opposed to the great weight of it.

Assuming that the book entry was competent evidence, *Macomb* v. *Wilkinson*, 83 Mich. 486; *In re Bresler's Estate*, 155 Mich. 567 (although it is plainly not an entry made in the regular course of a business, and

is a memorandum made by a deceased person of an event—of how the entire business and the building in which it was carried on was disposed of), it is not in its terms of any considerable weight as proving a joint purchase by the vendees.  It is wholly improbable that it was intended as evidence of the liability of the vendees as other entries made in the regular course of the business showing sales of particular articles were intended.  It may have answered the purpose of the seller to record the sale of his goods and building—of his business—for a certain sum to certain purchasers. No credit was given upon the book for the money admittedly paid a few days later by Mr. Buttars.  And the undisputed evidence is that what plaintiff's decedent owed Bogardus, plus what Buttars paid him, more than equaled the amount set down in the memorandum entry in the book.

With the plea defendant Buttars gave notice of special matter of defense as follows:

"That at the time of the maturity of the claim sued upon by the plaintiff, to wit, on or about October 23, A. D. 1905, the said Archibald Buttars and his codefendant, Charles Bogardus, paid to the said Lewis S. Davis, mentioned in plaintiff's declaration, the sum of $1,474.32, and that $474.32 of that amount was in cash and the balance consisted of an account, notes and other indebtedness then owing by said Davis to defendant Bogardus; and also that, upon the payment of said $474.32 in cash, the said Davis released the said defendant Buttars from further liability to pay any portion of the remainder of said sum sued upon."

The plea of the general issue put in issue every material fact necessary to be proved by plaintiff.  Is the notice an admission, available to plaintiff, of a joint sale?  I do not think it can be so regarded.

The learned trial judge in giving reasons for denying a new trial adverted to the fact that this was the third trial of the issue, and said that he did not feel

justified in setting aside the verdict as against the weight of evidence. His opinion is entitled to, and has, great weight. But as I view the record, the weight of evidence is so overwhelmingly opposed to the finding of the jury that he should have reached a different conclusion.

MOORE and BROOKE, JJ., concurred with OSTRANDER, C. J.