WILSON v. SAUBLE.

1. APPEAL AND ERROR — JUDGMENT — TRIAL WITHOUT JURY—FIND-INGS OF FACT AND LAW—REVIEW.

In cases tried without a jury, the Supreme Court, on error, will not find any of the facts; it may reject such find-ings of the trial judge as are unsupported by the evidence; the ultimate facts are to be found by the trial court whether the testimony is undisputed or disputed.

2. EJECTMENT—REMEDY IN EQUITY—TAXATION.

The court of equity is the proper forum to determine whether or not the owner of the title which has been cut off by tax proceedings is entitled to redeem and have a conveyance back from the tax title holder, who refuses to give it.

3. TAXATION—ACTIONS—REAL PROPERTY—EQUITY.

Ejectment does not lie for lands sold in tax proceedings to the State which thereafter gave a deed to a purchaser, plaintiff having only a deed from grantees of the wife and children of one who claimed the property by adverse possession and who occupied it under such claim before the State acquired title under tax proceedings. The tender of the statutory amount required for redemption did not confer upon the possessor a title which would sustain the action. The remedy, if any exists, is in equity.

Error to Genesee; Wisner, J. Submitted April 20, 1914. (Docket No. 67.) Decided July 24, 1914.

Ejectment by Samuel J. Wilson against Charles Sauble and others. Judgment for defendants on find-ings of the trial judge. Plaintiff brings error. Af-firmed.

*McFarlan & Wilson,* for appellant.

*John H. Tyler* and *Daniel Heims,* for appellees.

OSTRANDER, J. The court made a finding with the

conclusion that plaintiff take nothing by his suit. Judgment was entered accordingly. Matter contained in the bill of exceptions conveys the impression that it is supposed this court may itself find from the testimony, or may supply if not found, the facts. Of course, this court may not, in cases tried without a jury, find any of the facts. Those found to be wholly unsupported by evidence may, upon proper exceptions, be rejected. But the ultimate facts are to be found by the trial court, and this whether the testimony is or is not disputed.

We are not required to examine and discuss the various assignments of error, because in no event can the plaintiff maintain the action. The plaintiff's title is based, originally, upon an adverse occupancy of the premises by one William Hamilton, who, according to the finding, in this manner acquired title thereto. His wife and children conveyed the premises by warranty deed, and the grantees occupied the land. They in turn conveyed by warranty deed to plaintiff's grantor, who lost his deed before recording it, and who did not occupy the land. Defendants' title was acquired by sales of the land for taxes, and neither the taxes nor the proceedings by which the State obtained its title are questioned. As a consequence, the plaintiff's grantor lost title, and he has not since regained it. He was in this position when he conveyed to the plaintiff. Without considering further the defendants' title, it is clear that plaintiff may not maintain ejectment. Upon the argument it was suggested to counsel for appellant whether he had the legal title, and the query was answered by reference to a finding to the effect that before beginning the action a tender had been made to defendants sufficient in amount to reimburse them in accordance with the statute for taxes paid to purchase the land from the State and for taxes subsequently paid, and interest. In such a case, in *Backus*

v. *Hoyt,* 164 Mich. 407 (129 N. W. 693), a bill in equity was maintained to compel a reconveyance by the tax title holder, and we are of opinion that a court of equity is the proper forum for determining whether or not the owner of the title cut off in tax proceedings is entitled to a reconveyance from the tax title owner who refuses to give it. The legal title to the land, under repeated decisions, was acquired by the State, which sold it, conditionally, to the tax title purchaser. Assuming the tax proceedings to be regular, no title remains in the original owner. *Griffin* v. *Kennedy,* 148 Mich. 583 (112 N. W. 756). He does not acquire title by a tender of money, the right to make which is disputed. The court below properly held that plaintiff could not recover.

The judgment is affirmed.

McAlvay, C. J., and Brooke, Kuhn, Stone, Bird, Moore, and Steere, JJ., concurred.