HOFFMAN *v.* WILKIE-RENCHARD-GARDINER CO.

CONTRACTS—BILLS AND NOTES—AGREEMENT TO PAY—EVIDENCE.
In an action on notes against the successor of the corporation maker, evidence *held*, sufficient to sustain the finding that the defendant corporation did not agree to pay the notes.

Error to Wayne; Chester, J., presiding. Submitted January 9, 1917. (Docket No. 46.) Decided March 30, 1917.

Assumpsit in justice's court by William J. Hoffman against the Wilkie-Renchard-Gardiner Company upon two promissory notes. From a judgment for plaintiff, defendant appealed to the circuit court, where the case was heard before the court without a jury. Judgment for defendant. Plaintiff brings error. Affirmed.

*Campbell & Dewey,* for appellant.

*Fritz L. Radford,* for appellee.

MOORE, J. The plaintiff commenced in justice's court two actions upon two notes. The plaintiff declared in each action upon the common counts and "specially upon a note" of C. V. Wilkie & Son assumed by defendant, which note is payable to plaintiff. The defendant pleaded the general issue. From a judgment in justice's court the case was appealed to the circuit court.

Prior to these appeals coming on for trial in the circuit court, the defendant corporation gave special notice *puis darrein continuance* of its discharge in bankruptcy as an additional defense under the general issue already pleaded in the justice's court. The two appeals were consolidated and tried together before the judge without a jury.

The defendant corporation succeeded Wilkie & Son and the Renchard Shirt & Neckwear Company, and it is claimed by the plaintiff that the defendant corporation agreed to pay the notes in question. This is denied by the defendant.

The following appears in the record:

"*Mr. Campbell:* In order to avail myself of the right to file my writ of error, I must request a finding of the facts and law. It doesn't appear your honor has quite covered the ground, especially on the question of the promise made by Mr. Renchard and Mr. Wilkie to Mr. Hoffman. If your honor finds there was no such promise, I would like to have that included. * * *

"Do you make a finding of promise subsequent to the writing of those minutes, or was it not made by Renchard and Wilkie to Hoffman. I think my case stands or falls on that finding of fact.

"*The Court:* You claim Mr. Hoffman testified to it?

"*Mr. Campbell:* Mr. Wilkie claims he was there, and remembers Mr. Hoffman coming in—he can't remember the words—and also he testified the corporation would assume the obligation. Mr. Hoffman testified to it positively, and, as I said in my argument this morning, it was the natural thing to do, the thing he would reasonably and certainly have done, and I ask for an express finding on that fact.

"*The Court:* Well, I think the court will go this far: The burden is upon the plaintiff to establish the claim.

"*Mr. Campbell:* Was that promise made or not made?

"*The Court:* Under those circumstances, the one claiming it was and another it wasn't, both standing equal before me, the burden being on him, the court will have to find it wasn't established. The proof doesn't establish that the promise was made."

Mr. Hoffman testified in relation to this question:

"I am the plaintiff in these two cases. I loaned the sum of $500 to C. V. Wilkie & Son and received the notes marked Exhibits C and D for this loan. Shortly afterwards I had a talk with Mr. C. V. Wilkie, who told me that the Wilkie-Renchard-Gardiner Company

was a new corporation, who it was, and how the notes would be taken care of. Of course, I stated to him, 'If that is so, I will let it go through that way.' Subsequently I called at the store where the Wilkie-Renchard-Gardiner Company was conducting its business. I saw there Mr. Renchard and Mr. Wilkie. Mr. Wilkie said to Mr. Renchard, 'This is Mr. Hoffman whom we owe $500 to.' I never met Mr. Renchard, so I came over to see if I couldn't get some money as I could use it and Mr. Renchard says, 'We can't spare it this month, Mr. Hoffman; maybe we can fix you out next month.' I said, 'Well, I can use the money; I am looking to you now for this, and I need some money'; and he says, 'We will try and fix you out, I think.' I was waiting to hear from them, and nothing came forth. This was some time in the year 1914."

Mr. Renchard testified in relation to this conversation in part as follows:

"I remember a conversation between Mr. Wilkie and Mr. Hoffman and myself in the front room, and I sat on the table just as Mr. Hoffman said, but there was absolutely nothing said about the notes at the time. I never told Mr. Hoffman that the corporation assumed those notes. I never told Mr. Campbell that the corporation would assume those notes.   *   *   *

"*Q.* State whether the corporation has ever, so far as you know, recognized Mr. Hoffman's claim on those notes.

"*A.* Absolutely not."

It will be observed that counsel recognized upon the trial that as to this feature of the litigation his case must stand or fall upon the fact of whether the promise was made. It is also clear that the testimony was in sharp conflict. The trial judge was passing upon the question of fact. He had the great advantage of seeing the witnesses. The record justifies the finding of fact. See *Wilson* v. *Sauble,* 181 Mich. 406 (148 N. W. 165) ; *In re Hoffman's Estate,* 183 Mich. 67, 69 (148 N. W. 268, 152 N. W. 952) ; *Knowlson* v. *Friar,* 184 Mich. 464, 468 (151 N. W. 555) ; Cummins &

Beecher's Judicature Act, 709, 710; Revised Circuit Court Rule No. 45, § 4, and notes thereto in Cummins & Beecher's Michigan Rule Book.

Many questions are raised by counsel, but the finding that no promise to pay was made makes it unnecessary to discuss them.

Judgment is affirmed, with costs to defendant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.