# NOVEMBER SESSION, 1967.

### HAUGH v. THE BENDIX CORPORATION.

1. TRIAL—NONJURY CASE—CREDIBILITY.
   Trial court when sitting as the finder of facts, determines the credibility of testimony and its sufficiency.

2. SAME—FINDINGS OF FACT—APPEAL AND ERROR.
   The place for powered emphasis on what each party claims should be the facts is in the trial courts, since review of a judgment is based upon consideration of alleged errors of law only.

3. SAME—NONJURY CASES—FINDINGS OF FACT—COURT RULES— CREDIBILITY.
   Findings of fact made by a trial judge, sitting as the finder of facts, should not be set aside unless clearly erroneous, with regard to be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it (GCR 1963, 517.1).

4. CONTRACTS—TRIAL—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.
   Claim by plaintiff who sought damages for alleged breach of an oral contract relative to an exclusive distributorship of radios that the trial court, sitting as a trier of the facts, erred in finding that plaintiff had failed to establish said contract by a fair preponderance of the evidence *held*, without merit, where the testimony of the parties was directly conflicting, since the trial judge had the special opportunity of judging the credibility of the witnesses, and findings of fact made by the trial court are not reversed on appeal unless clearly erroneous (GCR 1963, 517.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 1123.
[2–4] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

(60)

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 February 10, 1967, at Detroit. (Docket No. 1,698.)   Decided November 8, 1967.

Complaint by Cecil E. Haugh, doing business as Haugh Automotive Sales Company, against The Bendix Corporation, a Delaware corporation, for damages as a result of alleged breach of an exclusive sales contract. Judgment for defendant. Motion for new trial denied. Plaintiff appeals. Affirmed.

*Frank C. Sibley,* (*Davidson, Gotshall, Kelly, Halsey & Kohl,* of counsel), for plaintiff.

*Hill, Lewis, Andrews, Adams, Goodrich & Power* (*William W. Slocum, Jr.,* of counsel), for defendant.

BURNS, J. Plaintiff appeals from a judgment for defendant of no cause of action and a denial of the plaintiff's motion for a new trial.

Plaintiff testified that he entered into an oral contract with the defendant whereby he was granted an exclusive distributorship for the sale of defendant's radios to automobile dealers in the State of Michigan and the Toledo, Ohio, market area. Plaintiff further testified that the distributorship was offered for the 1963 model year and was to be renewable indefinitely as long as he produced sales comparable to like companies under like conditions. Plaintiff also testified he was obligated to remain under the franchise contract indefinitely and could terminate it only if he could not sell the radios at a profit or if Bendix did not furnish him with the radios. Edward A. Gurry, a former general sales manager of the defendant corporation, testified in effect that he agreed to grant the exclusive distributorship to the plaintiff for the 1963 model year.

The defendant would review the operation for one year and if it was satisfactory to the defendant, the franchise would be renewed. It was expected that during this period the plaintiff would establish a warehouse with trained salesmen. At the end of the year the contract was not renewed because defendant was not satisfied with the plaintiff's performance. Plaintiff had not established a warehouse, nor did he have a sales staff; he was operating the business solely by himself.

The trial judge in his opinion stated:

"The unfortunate part about the agreement is that it was oral and that it was not reduced to writing. The court observed the plaintiff and the representatives of the defendant and also other witnesses on the stand and has carefully considered their demeanor and bearing while testifying before the court. It seems to be a case of one side's word against the other. While the court cannot find that these witnesses are not telling the truth, the court is of the opinion that the interest of the respective witnesses in the matter and the lapse of time involved, and the attempt to reconstruct from memory what actually was said in arriving at the arrangement, must all be considered on the question of credibility.

"Under our rules of law, the plaintiff has the burden of establishing the contract and his damages by a fair preponderance of evidence. In this connection, the court finds that the arrangement claimed by the plaintiff has not been established by such fair preponderance of the evidence in that the arrangement testified to by the plaintiff is so uncertain as to terms and particularly as to the continuance of the contract, and notice of termination, as to be unenforceable. This is one of those loose arrangements where the parties were trying to take care of a situation on an experimental basis, and the court is satisfied from the proofs that the Bendix Corporation refused to give a written contract for the very reason that they desired to take a look at what

would transpire and then make a determination as
to whether or not the arrangement should continue."

For almost a century the Supreme Court has held
that it was for the trial court to determine the credi-
bility of testimony and its sufficiency. *Edwards v.
Nelson* (1883), 51 Mich 121. In *Hoffman v. Wilkie-
Renchard-Gardiner Co.* (1917), 195 Mich 487, at p
489, the Court stated:

"It will be observed that counsel recognized upon
the trial that as to this feature of the litigation his
case must stand or fall upon the fact of whether the
promise was made. It is also clear that the testi-
mony was in sharp conflict. The trial judge was
passing upon the question of fact. He had the great
advantage of seeing the witnesses. The record justi-
fies the finding of fact."

Again, in *Barnes v. Beck* (1957), 348 Mich 286,
p 291, Justice BLACK stated:

"We write here, not alone for this case of Barnes
but for the increasing numbers of cases brought to
us under said Rule No 64. The place for powered
emphasis on what each party claims *should be* the
facts is in our trial courts. When the facts are
found there and review of the judgment takes place,
we consider alleged errors of law only."

This criterion has been further emphasized by
GCR 1963, 517.1:

"Findings of fact shall not be set aside unless
clearly erroneous. In the application of this prin-
ciple regard shall be given to the special opportunity
of the trial court to judge the credibility of those
witnesses who appeared before it."

Upon a review of the record in our present case
we cannot say the findings of the trial judge are
clearly erroneous.

Other questions are raised by counsel, but the finding of the trial judge that the plaintiff had not established his contract makes it unnecessary to discuss them.

Judgment affirmed. Costs to appellees.

LEVIN, P. J., and McGREGOR, J., concurred.