SCHIER, DENEWETH & PARFITT, PC v BENNETT

Docket No. 141182. Submitted January 4, 1994, at Lansing. Decided July 18, 1994, at 9:40 A.M. Leave to appeal sought.

Schier, Deneweth & Parfitt, P.C., brought an action in the Oakland Circuit Court against Linda Bennett, seeking the payment of legal fees incurred as a result of the plaintiff's representation of the defendant's daughter in proceedings to enforce the daughter's judgment of divorce. The plaintiff alleged that before the representation began the defendant made an oral promise to pay the legal fees. The defendant denied making such promise and sought summary disposition. The court, Fred M. Mester, J., granted summary disposition for the defendant, finding that the alleged agreement was unenforceable under the statute of frauds. The plaintiff appealed.

The Court of Appeals *held:*

1. A person may assume original liability by a direct promise to pay for services to be rendered to another in the future. It is well established that the consideration for a promise may inure to one other than the promisor or may lie in a detriment to the promisee.

2. The defendant's promise, if any, was an original promise, not a collateral one, and therefore not within the statute of frauds.

3. Because a genuine issue exists regarding whether the defendant made the alleged promise, summary disposition was not appropriate.

Reversed and remanded.

CONTRACTS — STATUTE OF FRAUDS — ORAL PROMISE TO PAY FOR FUTURE SERVICES FOR ANOTHER.

A person may assume original liability by a direct promise to pay for services to be rendered to another in the future; such an original promise does not fall within the statute of frauds' provision requiring a special promise to answer for the debt,

REFERENCES

Am Jur 2d, Contracts §§ 1, 3; Statute of Frauds § 198.

Applicability of statute of frauds to promise to pay for legal services furinshed to another. 84 ALR4th 994.

default, or misdoings of another person to be in writing (MCL 566.132[1][b]; MSA 26.922[1][b]).

*Schier, Deneweth & Parfitt, P.C.* (by *Carl F. Schier*), for the plaintiff.

*Barry S. Sigman,* for the defendant.

Before: FITZGERALD, P.J., and TAYLOR and D. E. SHELTON,* JJ.

TAYLOR, J. Plaintiff brought suit alleging that defendant had orally agreed to pay the legal fees incurred as a result of plaintiff's representation of defendant's daughter in proceedings to enforce the daughter's judgment of divorce. The trial court granted summary disposition to defendant on the basis that the agreement was unenforceable under the statute of frauds, MCL 566.132(b)(1); MSA 26.922(1)(b). Plaintiff now appeals as of right. We reverse.

It is well established that one may assume original liability by a direct promise to pay for services to be rendered to another in the future. *Highland Park v Grant-Mackenzie Co,* 366 Mich 430, 443-444; 115 NW2d 270 (1962). Furthermore, "[t]hat the consideration for a promise may inure to one other than the promisor or may lie in a detriment to the promisee is a well-established principle of contract law." *Id.* at 446-447.

It is undisputed that plaintiff provided legal services to defendant's daughter, resulting in successful enforcement of the daughter's previously obtained divorce judgment. Plaintiff and defendant's daughter submitted affidavits stating that defendant agreed to pay all fees incurred in the enforcement proceedings that plaintiff was unable

* Circuit judge, sitting on the Court of Appeals by assignment.

to recover from the daughter's ex-husband. Defendant submitted an affidavit stating that she did not make such a promise. Therefore, a genuine issue exists regarding this dispositive fact.

Defendant's promise, if any, was an original promise, not a collateral one, and therefore not within the statute of frauds. *Id.* at 443. Accordingly, the trial court erred as a matter of law in holding that the alleged agreement was void and unenforceable on the grounds that it falls within the statute of frauds. The issue whether defendant actually made the alleged promise is a question for the factfinder.

Reversed and remanded.