HALL v SMALL

Docket No. 252814. Submitted May 3, 2005, at Detroit. Decided May 12,
   2005. Approved for publication July 12, 2005, at 9:00 a.m. Leave to
   appeal denied, 474 Mich 972.
      Leo and Susan Hall, after purchasing a home from Douglas S.
      Small and Loretta G. Muzzy, brought an action in the Oakland
      Circuit Court against the sellers, the Halls' real estate salesper-
      son and broker, and the sellers' real estate salesperson and
      broker, seeking damages relating to a home purchased by the
      plaintiffs that was infested with mold. The plaintiffs had signed
      a statement of mutual satisfaction holding harmless the real
      estate companies and their employees. The sellers settled with
      the plaintiffs separately. The court, Deborah G. Tyner, J.,
      granted summary disposition for the real estate companies and
      their employees on the basis of the release. The plaintiffs
      appealed.

         The Court of Appeals *held*:

         The circuit court correctly granted summary disposition for
      the real estate salespersons and brokers. Although the real
      estate brokers and salespersons did not sign the statement of
      mutual satisfaction, which was a release from liability, the
      plaintiffs cited no authority stating that a contract must be
      signed by the party asserting its validity. The plaintiffs did not
      allege that the release was ambiguous or that there was no
      meeting of the minds and did not claim that they were induced
      to sign the release by fraud or misrepresentation. The plaintiffs
      testified that, when they signed the release, they intended to be
      bound by it. There was consideration for the whole property
      purchase transaction, thus providing consideration for the
      release. That consideration obviated any need for mutuality of
      obligation in the release. Because the exclusive designated
      buyer's agency agreement signed by the plaintiffs also released
      their real estate salesperson and his broker from liability, even
      if the statement of mutual satisfaction may have invalidly
      released the salesperson and the broker from liability, they were
      still released from liability under the exclusive designated
      buyer's agency agreement.

         Affirmed.

1. RELEASE — SIGNING BY RELEASED PARTY.

    A release need not be signed by the party being released if it shows on its face that it was not intended to be signed by the party obtaining the release.

2. RELEASE — CONSIDERATION — MULTIPLE PROMISES.

    Where there is no specific recitation of separate consideration for a release, but it is part of a larger contract involving multiple promises, the basic rule is that whatever consideration is paid for all the promises is consideration for each one.

*Hoffert & Associates, P.C.* (by *David B. Marmon*), for Leo and Susan Hall.

*Wood, Kull, Herschfus, Obee & Kull, P.C.* (by *John A. Obee* and *William R. Graham Jr.*), for Richard Sidick and Carol Shelton.

*Garan Lucow Miller, P.C.* (by *Robert D. Goldstein* and *Steven A. Matta*), for Norma Jean Spreeman, Robert A. Burley, and Burley & Debrow, Ltd.

Amicus Curiae:

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *Melissa A. Hagen*), for Michigan Association of Realtors.

Before: O'CONNELL, P.J., and MARKEY and TALBOT, JJ.

PER CURIAM. Plaintiffs appeal by right two orders of the trial court granting summary disposition under MCR 2.116(C)(7) in favor of the real estate agents involved in the sale of real property to plaintiffs. We affirm.

At the heart of this dispute is an improved parcel of real property located in Dryden, Michigan. After purchasing the property from defendants Douglas Small and Loretta Muzzy, plaintiffs discovered that the house thereon was infested with mold. Plaintiffs alleged that Small and Muzzy knew of the mold problem and con-

cealed it from them. Plaintiffs further alleged that the sellers' real estate salesperson, Norma Spreeman; her broker, Robert Burley; and Burley & DeBrow Ltd., doing business as Century 21 Country Squire, were negligent in failing to discover and to disclose to plaintiffs the condition of the home. Plaintiffs also alleged that Richard Sidick, who acted as their salesperson in the transaction, along with his broker, Carol Shelton, doing business as Real Estate One, were negligent for failing to discover and disclose the condition of the home.[1] The trial court granted summary disposition in favor of defendants on the basis of a release plaintiffs signed at the closing.

That release, entitled "Statement of Mutual Satisfaction," stated that plaintiffs and the sellers agreed to

> hold harmless Century 21 Country Squire Properties, Inc. and Real Estate One and their representatives for any condition that may occur regarding the following: sewer, septic system & field, city water, well, water delivery systems, plumbing systems, heating systems, electrical service and wiring systems, structure and structures, roof systems, basement/slab or crawl systems, foundation, and/or any other improvements to the property.

Plaintiffs argue on appeal that the trial court erred in granting summary disposition based on the release because the release was not supported by consideration, mutuality of agreement, or mutuality of obligation, and because the trial court failed to consider the circumstances in which plaintiffs signed the release. We disagree.

---

[1] For ease of reference, defendants Richard Sidick and Carol Shelton, doing business as Real Estate One, will be referred to throughout this opinion as REO. Defendants Norma Spreeman, Robert Burley, and Burley & DeBrow, Ltd., doing business as Century 21 Country Squire, will be referred to as Century 21. Collectively, REO and Century 21 will be referred to as defendants. The term "defendants" does not refer to Small and Muzzy, who were voluntarily dismissed from the case following a settlement with plaintiffs.

A trial court's order granting summary disposition pursuant to MCR 2.116(C)(7) is reviewed de novo "to determine whether the moving party was entitled to judgment as a matter of law." *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001). Issues of contract interpretation are also reviewed de novo. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).

Plaintiffs first assert that the release lacks mutuality of agreement because it was not signed by Century 21 or REO. However, plaintiffs have cited no authority stating that a contract must be signed by the party asserting the validity of the contract in order to be valid. Instead, "a valid contract requires a 'meeting of the minds' on all the essential terms [of the contract]." *Kamalnath v Mercy Mem Hosp Corp*, 194 Mich App 543, 548; 487 NW2d 499 (1992). " 'Meeting of the minds' is a figure of speech for mutual assent." *Id.* at 548-549 (citations omitted).

In this case, plaintiffs have not alleged that they misunderstood the contract or that it contains any ambiguity that indicates that there was no meeting of the minds. Both plaintiffs testified that they signed the release after hearing a brief explanation of its contents. Although the parties may not have read the document thoroughly, absent a showing of fraud or mistake, this claim is insufficient to invalidate the release. *Paterek v 6600 Ltd*, 186 Mich App 445, 450; 465 NW2d 342 (1990). Moreover, both plaintiffs testified that, when they signed the release, they intended to be bound by its terms. The release also shows on its face that only plaintiffs and the sellers were intended to sign the release. See 66 Am Jur 2d, Release § 10, 378-379 (stating that a release need not be signed by the party being released if it "shows on its face that it was not

intended to be signed by the party obtaining the release"). Accordingly, we conclude that there was mutuality of agreement.

Plaintiffs also assert that the Statement of Mutual Satisfaction was not supported by consideration. We conclude that this argument also lacks merit. "Where there is no specific recitation of separate consideration for the release, but it is part of a larger contract involving multiple promises, the basic rule of contract law is that whatever consideration is paid for all of the promises is consideration for each one . . . ." *Rowady v K mart Corp*, 170 Mich App 54, 59; 428 NW2d 22 (1988). In this case, the Statement of Mutual Satisfaction was signed during the closing on a purchase agreement executed between plaintiffs and the sellers. Therefore, the Statement of Mutual Satisfaction was signed as part of a larger contract involving multiple promises. It is clear that there was consideration supporting the larger contract for the purchase of the home. Thus, consideration also supports plaintiffs' promise to hold Century 21 and REO harmless.

Plaintiffs further assert that the Statement of Mutual Satisfaction lacks mutuality of obligation because the agreement does not require anything of Century 21 or REO. " 'By "mutuality of obligation" is apparently meant that there must be consideration, without which there is no obligation on either party because there is no binding contract.' " *Reed v Citizens Ins Co of America*, 198 Mich App 443, 449; 499 NW2d 22 (1993) (citations omitted); see also 1 Restatement Contracts, 2d § 79 ("If the requirement of consideration is met, there is no additional requirement of . . . 'mutuality of obligation.' "). Thus, "[t]he enforceability of a contract depends . . . on consideration and not mutuality of obligation." *Toussaint v Blue Cross & Blue Shield of*

*Michigan,* 408 Mich 579, 600; 292 NW2d 880 (1980) (citations omitted). Because there was consideration supporting the Statement of Mutual Satisfaction, there was also mutuality of obligation supporting the agreement.

Finally, plaintiffs have failed to put forth any evidence that the Statement of Mutual Satisfaction was not entered into fairly and knowingly. *Denton v Utley,* 350 Mich 332, 342; 86 NW2d 537 (1957); *Brooks v Holmes,* 163 Mich App 143, 145; 413 NW2d 688 (1987). Because plaintiffs never alleged fraud or mistake, and the scope of the release is not in issue, the trial court did not err by failing to consider the circumstances surrounding the signing of the release. See *Denton, supra,* at 345. Accordingly, the Statement of Mutual Satisfaction validly released Century 21 and REO from liability in this case.

Plaintiffs next assert that the Statement of Mutual Satisfaction is invalid as applied to REO because of the integration clause contained in the Exclusive Designated Buyer's Agency Agreement (EDBAA) that they signed with Sidick. Plaintiffs contend that the Statement of Mutual Satisfaction constitutes an attempted modification of the EDBAA, which was not signed by all the parties to the EDBAA. This argument was not raised before the trial court. "Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993). Moreover, plaintiffs' brief discussion of this issue in a reply brief, unsupported by any citation of authority, is not sufficient to present the issue on appeal. *Check Reporting Services, Inc v Michigan Nat'l Bank,* 191 Mich App 614, 628; 478 NW2d 893 (1991). We note, however, that even if plaintiffs were correct that the

Statement of Mutual Satisfaction is an invalid modification of the EDBAA, this fact would not invalidate the EDBAA itself, which also validly releases REO from liability. Therefore, even if this Court were to agree with plaintiffs' assertion that the Statement of Mutual Satisfaction is invalid with respect to REO, that conclusion would not alter the fact that the trial court properly granted summary disposition in favor of REO on the basis of a valid release. Accordingly, the trial court properly granted summary disposition in favor of defendants.

Affirmed.