# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID E. GHANNAM, PC,

        Plaintiff/Counter-Defendant/Cross-
Appellee,

v

MICHAEL HAMAME,

        Defendant/Counter-Plaintiff,

and

SAM HAMAME, HOME DEVELOPMENT
FUND 1, LLC, CAMBRIDGE REAL ESTATE,
LLC, DEARBORN VENTURE CAPITAL, LLC,
WEST VILLAGE COMMONS HOLDINGS,
LLC, VILLAGE PLAZA HOLDINGS, LLC, and
GGP VENTURE CAPITAL, LLC,

        Defendants/Counter-
Plaintiffs/Cross-Appellants.

UNPUBLISHED
March 20, 2018

No. 335286
Oakland Circuit Court
LC No. 2014-142822-CK

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

In this action regarding legal fees, plaintiff appealed as of right, and defendants cross-appeal as of right, the trial court's judgment on the jury's verdict in favor of plaintiff against Sam Hamame for $38,178 on a promissory estoppel theory. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

David Ghannam, plaintiff's sole attorney, began representing Sam and Michael Hamame, and their related corporate entities, in 2012.[1]  Michael signed a retainer agreement, while Sam did not.  In December of 2013, defendants stopped paying plaintiff even though Ghannam continued to represent them.  Plaintiff sued defendants seeking unpaid legal fees amounting to $57,456.02, plus interest.  Defendants filed a counter-claim alleging legal malpractice.  After six days of trial, the jury found that Sam did not breach a contract with plaintiff but was liable for $38,178 in damages based on plaintiff's promissory estoppel claim.[2]  The trial court entered a judgment on that verdict.

Defendants moved the trial court for judgment notwithstanding the verdict (JNOV) or a new trial, arguing that the jury's verdict wrongfully attributed Michael's and the entity defendants' debts to Sam.  The trial court denied that motion.

## II.  APPELLATE PROCEDURAL HISTORY

Initially, plaintiff appealed the judgment as of right, arguing that defendants' counter-complaint should have been dismissed as a matter of law because a corporate entity cannot commit legal malpractice.  Defendants then filed their cross-appeal as of right, asserting that the trial court abused its discretion by denying their motion for JNOV or a new trial.  This Court later dismissed plaintiff's appeal for failure to prosecute after plaintiff failed to comply with a prior order compelling it to produce trial transcripts.  *David E Ghannam, PC v Hamame*, unpublished order of the Court of Appeals, entered December 13, 2016 (Docket Nos. 335286).  That order did not dismiss defendants' cross-appeal.  *Id*.  Thus, only defendants' cross-appeal remains before this Court.[3]

## III.  DEFENDANTS' MOTION FOR JNOV OR A NEW TRIAL

As noted, defendants argue that the trial court abused its discretion in denying their motion for JNOV or a new trial.  We disagree.

---

[1] Michael Hamame was dismissed from this appeal upon a stipulation of the parties.  *David E Ghannam, PC v Hamame*, unpublished order of the Court of Appeals, entered January 16, 2018 (Docket No. 335286).

[2] The jury also found that Michael breached his contract with plaintiff, and that plaintiff committed legal malpractice against Michael and Sam.  The jury returned a verdict of no cause of action for all of plaintiff's claims against the entity defendants and their claims against plaintiff.

[3] Plaintiff, in its response to defendants' cross-appeal, asserts that the trial court erred when it denied plaintiff's argument that a professional corporation cannot be held liable for legal malpractice.  That argument, however, was made in plaintiff's original appeal that has been dismissed, and we will not now consider it because a "[cross]-appellee may not obtain a decision more favorable than that rendered below without" maintaining its own appeal.  See *Barrow v Detroit Election Comm*, 305 Mich App 649, 683; 854 NW2d 489 (2014).  If plaintiff wished to revive that issue, it was required to follow the applicable procedure pursuant to MCR 7.217(D).

## A. STANDARD OF REVIEW AND APPLICABLE LAW

This Court "reviews de novo a trial court's decisions regarding motions for JNOV." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). When considering a motion for JNOV, "[t]he appellate court is to review the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Id*. (internal quotation marks omitted). "Only if the evidence so viewed fails to establish a claim as a matter of law, should the motion be granted." *Id*. (internal quotation marks omitted). "This Court [] reviews for an abuse of discretion the trial court's decision to grant or deny motions for a new trial[.]" *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014). "A trial court does not abuse its discretion when its decision falls within the range of principled outcomes." *Rock v Crocker*, 499 Mich 247, 260; 884 NW2d 227 (2016).

A motion for JNOV should only be granted when the evidence, viewed in a light most favorable to the nonmoving party, "fails to establish a claim as a matter of law[.]" *Hecht*, 499 Mich at 604 (internal quotation marks omitted). A new trial, meanwhile, may be granted where "[a] verdict or decision [is] against the great weight of the evidence or contrary to law." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 533; 866 NW2d 817 (2014), quoting MCR 2.611(A)(1)(e). "A new trial may not be granted if an interpretation of the evidence logically explains the jury's findings." *Kelly v Builders Square, Inc*, 465 Mich 29, 41; 632 NW2d 912 (2001). "Determining whether a verdict is against the great weight of the evidence requires review of the whole body of proofs. The issue usually involves matters of credibility or circumstantial evidence, but if there is conflicting evidence, the question of credibility ordinarily should be left for the fact-finder." *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010) (footnotes omitted). The elements for a claim of promissory estoppel include:

> (1) [A] promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. [*Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 83; 854 NW2d 521 (2014), quoting *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 686-687; 599 NW2d 546 (1999).]

## B. ANALYSIS

Defendants' argue that the jury's calculation of damages was against the great weight of the evidence or contrary to law, so a JNOV or a new trial was required. According to defendants' original brief on cross-appeal, the issue is merely a mathematical one—Sam could not have been responsible for more than $38,000 in damages where he was only personally named in cases that accounted for little more than $20,000 of the total legal fees. For that argument, defendants rely exclusively on the summary of invoices provided by plaintiff, to defendants, in September of 2014.

In their reply brief, however, defendants clarify their position that Sam could not be held liable for the entire amount of legal fees billed because, pursuant to the statute of frauds, such an agreement requires a written contract signed by Sam. Ghannam specifically testified that Sam

promised to pay for all legal fees accrued in all of the cases for which plaintiff represented defendants. Given that testimony, defendants do not contend that there was insufficient evidence to generally maintain a claim for promissory estoppel against Sam. Instead, defendants assert that Sam's promises, being oral, could not be used to find him liable for the debts of the entity defendants or Michael pursuant to the statute of frauds. Binding and dispositive case law establishes that defendants' arguments are entirely without merit.

The statute of frauds states that, in certain circumstances, "an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged[.]" MCL 566.132(1). One such circumstance is "[a] special promise to answer for the debt, default, or misdoings of another person." MCL 566.132(1)(b). Defendants argue that Sam's alleged promise to pay the debts of the entity defendants and Michael is unenforceable because it was not memorialized in writing and signed by Sam. *Id*. Given that it is undisputed that Sam did not sign a written contract, defendants insist that the trial court should have granted JNOV for a lesser damages amount—only those damages for which Sam was personally responsible—or ordered a new trial.

Michigan statute of frauds case law delineates between original and collateral promises. *Schier, Deneweth & Parfitt, PC v Bennett*, 206 Mich App 281, 283; 520 NW2d 705 (1994). "A promise to pay for such goods as may be furnished to a third person is an original and not a collateral promise[.]" *Highland Park v Grant-MacKenzie Co*, 366 Mich 430, 443; 115 NW2d 270 (1962) (internal quotation marks omitted), citing *Larsen v Jensen*, 53 Mich 427; 19 NW 130 (1884). A collateral promise is one "for debts already owed," while an original promise is one "to pay for goods or services to be rendered in the future[.]" *Manuel v Gill*, 270 Mich App 355, 376-377; 716 NW2d 291 (2006), rev'd on other grounds 481 Mich 637 (2008). An original promise is "not within the State of Frauds as a promise to pay the debt or default of another," so "it need not [] be in writing." *Highland Park*, 366 Mich at 443 (internal quotation marks omitted). Conversely, a collateral promise to pay for goods and services already rendered does fall within the statute of frauds. *Schier*, 206 Mich App at 282-283.

In *Schier*, 206 Mich App at 282, a lawyer was approached by a client requesting representation in her suit against her ex-husband for enforcement of the divorce judgment. The defendant, the client's father, was at the initial meeting with the lawyer, and according to the client and the lawyer, the defendant "agreed to pay all fees incurred in the enforcement proceedings that [the lawyer] was unable to recover from the [client's] ex-husband." *Id*. at 282-283. The defendant averred that he never made such a promise. *Id*. at 283. The lawyer brought suit against the defendant, seeking payment of the unpaid fees. *Id*. at 282. The trial court granted the defendant's motion for summary disposition, holding that "the agreement was unenforceable under the statute of frauds[.]" *Id*. This Court reversed, reasoning that the "[d]efendant's promise, if any, was an original promise, not a collateral one, and therefore not within the statute of frauds." *Id*. at 283. Consequently, if a jury determined that the defendant actually made such a promise, then the promise would be enforceable even though only orally made. *Id*.

In the instant case, plaintiff sought payment of legal fees accrued after December of 2013. Ghannam testified that his relationship with Sam began in 2012, and that Sam promised to

pay for all of the legal services rendered by plaintiff on behalf of all defendants from that point forward. Considering that Sam promised to pay for future services to be rendered, his promise was an original one. See *Highland Park*, 366 Mich at 443. Consequently, because original promises are not subject to the statute of frauds, Sam's promise to pay for legal services for cases not involving him personally was not required to be in writing. *Id*. Our prior decision in *Schier*, 206 Mich App 281, is applicable and binding. In that case, the defendant's alleged oral promise to pay for the legal services rendered to his daughter was found to be an original promise not subject to the statute of frauds. *Id*. at 282-283. Likewise, Sam's oral promise to pay for the legal services rendered to the entity defendants and Michael was not required to be in writing to be enforceable. See *id*. Thus, defendants' argument that Sam cannot be held liable for the legal fees not personally attributed to him in the invoices is without merit. *Id*.

Once defendants' misunderstanding of the statute of frauds is remedied, defendants' reasons for JNOV or a new trial are easily disposed. The jury believed Ghannam's testimony that Sam promised to pay for legal fees rendered on behalf of Michael, the entity defendants, and himself. Plaintiff submitted invoices and emails showing that he was owed $57,456.02, plus interest, arising out of Ghannam's representation of all defendants. Based on the evidence presented, Sam was potentially liable for the entire amount claimed by plaintiff. Therefore, the jury's finding that Sam owed only $38,178 of that amount in damages to plaintiff was abundantly supported by the evidence admitted at trial.

## C. CONCLUSION

In sum, because plaintiff did not "fail[] to establish a claim as a matter of law," *Hecht*, 499 Mich at 604 (internal quotation marks omitted), and there was "an interpretation of the evidence [that] logically explains the jury's findings," *Kelly*, 465 Mich at 41, the trial court did not abuse its discretion in denying defendants' motion for JNOV or a new trial.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan