*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* MARGARET TYLO REVOCABLE TRUST.

---

SAMUEL TYLO,

        Appellant,

v

SARA TYLO,

        Appellee.

UNPUBLISHED
August 5, 2021

No. 352878
Wayne Probate Court
LC No. 2015-813033-TV

---

Before: TUKEL, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this matter involving the distribution of trust assets, appellant Samuel Tylo appeals as of right the trial court's order distributing the assets of the Margaret Tylo Revocable Trust.[1] On appeal, Samuel—the trust's successor trustee—argues that the trial court erred by not accepting a settlement agreement regarding distribution of the trust assets and by denying Samuel's request for attorney fees. We disagree. Samuel abandoned both arguments because he failed to identify sufficient legal authority to support them.

## I. UNDERLYING FACTS

This case arises out of a dispute among the Tylo siblings regarding the administration of their mother Margaret's trust. The trust was executed on August 19, 2010. At that time, Margaret was the trust's settlor and sole trustee.[2] In relevant part, the trust provided that Margaret transferred

---

[1] Margaret died on February 8, 2015. She had six children: Samuel, Mark, Theresa, Sara, Douglas, and Michael. All of these individuals share the last name "Tylo" and, therefore, we will use their first names throughout this opinion.

[2] Margaret was a widow at the time.

all of her personal property as well as her house to the trust. After Margaret's death the trust's assets were to be divided into six "substantially equal shares to [Margaret's] surviving children." Finally, the trust appointed Samuel as the successor trustee and Theresa as the alternate successor trustee. Margaret died in February 2015.

After Margaret's death, Samuel initially promised to sell the house to Sara, Mark, and Theresa (the buyers). Samuel failed sell the house to that group of his siblings, however, and he became hostile to them and to Michael. The issue of how to distribute the trust's assets, and specifically what to do with Margaret's house, eventually led to litigation. The hostility between the Tylo siblings caused the trial court in April 2016 to order Samuel to sell the house to the buyers; it appointed a special fiduciary to oversee that process due to the hostility between he Tylo siblings. The buyers eventually purchased the house over a year later.

Then, in early 2018, Theresa filed an affidavit with the trial court in which she averred that Samuel was paying unnecessary attorney fees out of the trust's assets to attorney Robert Constan. The trial court eventually agreed and ordered Constan to repay $13,033 to the trust, concluding that Constan was not entitled to attorney fees related to the house's sale after the April 2016 hearing and that Constan failed to support his request for attorney fees with adequate documentation. This appeal followed.

## II. THE SALE OF THE HOUSE

Samuel argues that the trial court erred by failing to enforce a settlement agreement he alleges the parties reached at the February 3, 2016 hearing, pursuant to which Samuel would sell the house to the buyers. Because Samuel failed to address this issue on the merits, it is abandoned.

As an initial matter, we note that, in his brief on appeal, Samuel attempts to raise multiple issues that were not included in his statement of questions involved. "An issue not contained in the statement of questions presented is waived on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004); See also MR 7.212(C)(5) (requiring appellants to state their arguments in their statement of questions involved). Those issues include the value of personal property Samuel argues should have been included in the trust's assets and whether the trial court should have appointed a special fiduciary in this case. These issues were not included in the statement of questions involved and, therefore, are waived. See *id*. Additionally, Samuel failed to provide any legal argument regarding these issues and, therefore, even if they were not waived they are abandoned. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) ("An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority.").

As for Samuel's argument that the trial court erred by not enforcing the "settlement" the parties reached at the February 3, 2016 hearing, we consider the argument abandoned for the same reasons just discussed—Samuel never provided a sustained argument or authority for his position. See *id*. As discussed, a claim is abandoned when a party fails to adequately address the issue in its brief on appeal. Essentially, the doctrine of abandonment prevents a party from simply raising an issue and "leav[ing] it to this Court to discover and rationalize the basis for the appellant's claims." *Id*. See also *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019) ("Plaintiff

-2-

cannot leave it to this Court to make his arguments for him."). Indeed, we "are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008).

Samuel fails to actually state the terms of the alleged "settlement" the parties agreed to at the February 3, 2016 hearing. He similarly fails to state the legal requirements for a valid settlement agreement. Instead, the only legal argument in this portion of Samuel's brief is citation to three sections of the Michigan trust code, MCL 700.7101 *et seq*., establishing that a trustee generally can administer a trust without judicial supervision, he or she may settle claims against the trust, and the trustee can be removed only if he or she commits a serious breach of his or her duties as a trustee.[3] Samuel's citations to the Michigan trust code, without more, simply leave it to this Court to rationalize the basis for his claim that the trial court erred by not enforcing the settlement agreement he claims the parties reached at the February 3, 2016 hearing. Thus, the argument is abandoned. See *Id*.[4]

---

[3] The three provisions Samuel cites are MCL 700.7201(2), MCL 700.7401, and MCL 700.7706(2)(a). Samuel correctly summarizes MCL 700.7201(2) as establishing that trusts generally do "not result in continuing judicial supervision unless ordered by the court." But Samuel cites an old version of MCL 700.7401 that was repealed by 2009 PA 46 and has not been in effect since April 1, 2010. Compare 2005 PA 204 (containing the language Samuel cites) with 2009 PA 46 (substantially changing MCL 700.7401 and moving the language Samuel cited to MCL 700.7817). The language Samuel cites, with some revisions, can now be found at MCL 700.7817. Nevertheless, Samuel is correct that the Michigan trust code provides that trustees have the authority to settle claims against the trust. Compare Appellant's Brief on Appeal, pp 16-17 with MCL 700.7817(x). Finally, MCL 700.7706(2) provides that a trustee may be removed if he or she "commits a serious breach of trust," but it also goes on to list three other situations that could lead to the removal of a trustee. See MCL700.7706(2). Thus, Samuel's statement in his brief on appeal that a trustee can be removed only for a serious breach of trust is inaccurate.

[4] We additionally note that Samuel's claim that the parties reached a settlement agreement at the February 3, 2016 hearing would also fail on the merits. "A settlement agreement is a binding contract." *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 665; 770 NW2d 902 (2009). And contracts require "mutuality of agreement," which is also frequently referred to as a "meeting of the minds." See, e.g., *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012); *Hall v Small*, 267 Mich App 330, 333; 705 NW2d 741 (2005). There was no mutual assent regarding the settlement agreement at the February 3, 2016 hearing. The parties agreed to most of the terms of a settlement agreement at that hearing, but they failed to agree on a sale price for the house or on a method for determining the sale price. Indeed, Constan stated multiple times at the hearing that the parties had not agreed on a sale price. Thus, the entire premise of Samuel's argument, that the parties reached a settlement agreement at the February 3, 2016 hearing, is incorrect

## III.  ATTORNEY FEES

Samuel argues that the trial court erred by ordering Constan to repay $13,033 to the trust for unnecessary attorney fees.  Samuel also abandoned this argument because he failed to adequately address the attorney fee issue.

We need not repeat the standards for abandonment of an issue on appeal because we already addressed them earlier in Part II of this opinion.  Samuel's argument on this issue fails to cite any specific statute or case regarding the issue of attorney fees.  Rather, Samuel cites the entirety of the Michigan trust code for the proposition that a trustee is authorized to pay an attorney with trust assets.  Samuel's legal argument in this section, in its entirety is:

> The Successor Trustee may retain counsel "to advise or assist the trustee in the performance of the trustee's administrative duties," and to defend a claim or proceeding in any jurisdiction.  This includes authorizing the trustee to act "for the trustee's protection in the performance of the trustee's duties, provided a trustee acts as a reasonable and prudent person with respect to the Trust.["]  See the Michigan Trust Code, 700.7101 . . . 700.7913.  The Successor Trustee should be allowed to pay the Attorney Fees reasonably incurred in administering and defending the Trust from the funds in the Trust.  The legal work performed by the Attorney for the Successor Trustee Trust was performed to benefit all the Heirs of the Trust, not just the two heirs Sara and Teresa Tylo who moved into the Decedent's House.  Heirs Sara and Teresa Tylo received the bulk of the Trust assets at far less than their value, at the expense of the remaining four Heirs.

The quoted material in Samuel's brief on appeal references the same repealed version of MCL 700.7401 addressed in note 3 of this opinion, which has now been moved, with some revisions, to MCL 700.7817.  Samuel is correct that a trustee may retain legal counsel to fulfill his or her duties as a trustee.  See MCL 700.7817(w) (authorizing a trustee "[t]o employ an attorney to perform necessary legal services or to advise or assist the trustee in the performance of the trustee's administrative duties, even if the attorney is associated with the trustee, and to act without independent investigation upon the attorney's recommendation.  An attorney employed under this subdivision shall receive reasonable compensation for his or her employment.").  But Samuel completely fails to address the requirements for a trial court to award attorney fees.  In short, this issue is clearly abandoned because Samuel merely announced his claim with almost no citation to authority and left it to this Court to identify and rationalize a basis for his claim.  See *Cheesman*, 311 Mich App at 161.  We decline to address this issue further.

## IV.  CONCLUSION

We affirm the trial court's order requiring Constan to repay attorney fees to the trust and its decision to not enforce the "settlement agreement" Samuel claims the parties reached at the February 3, 2016 hearing.  We note that it is unusual for us to decide a case without addressing any of the issues on the merits.  But Samuel presented us with an unusual situation because he wholly failed to present any substantive legal argument in this case, and we decline to treat this case any differently in that regard from this Court's typical practice.  Sara, as the prevailing party may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Thomas C. Cameron